CHAFFEE v. RAYMOND.

1. CONTRACTS—RESCISSION—EQUITY—TENDER NOT A PREREQUISITE TO SUIT FOR RESCISSION FOR FRAUD.
    While, in an action at law, based on rescission, a tender back is a prerequisite, in equity the rule is not so rigid, for the bill must make profert of return of what has been received and the decree will place the parties *in statu quo*, as far as possible.

2. SAME—DISMISSAL OF SUIT NOT WARRANTED BY WANT OF TENDER.
    A suit to rescind a contract for an exchange of properties

¹Contracts, 13 C. J. § 679; Exchange of Property, 23 C. J. § 52; ²Cancellation of Instruments, 9 C. J. § 107.

on the ground of fraud, and place the parties *in statu quo*, should not be dismissed for want of a tender back before commencement of suit.

3. SAME—RESCISSION—FRAUD ESTABLISHED BY EVIDENCE—PRINCI-
PAL AND AGENT.
    In a suit to rescind a contract for an exchange of properties on the ground of fraud, in that defendants' agent had falsely represented that their vendor had written a letter offering to accept $1,500 in full payment of a balance of $2,450 unpaid on their land contract which they were transferring to plaintiff, evidence *held*, sufficient to establish said fraud.

4. PRINCIPAL AND AGENT—FRAUD—VENDOR AND PURCHASER—SELLER
MAY NOT PROFIT BY HIS AGENT'S FRAUD.
    In a sale of property the seller may retain no advantage brought to him by the fraud of his agent.

5. EXCHANGE OF PROPERTY — RESCISSION — PARTY DEFRAUDED BY
OTHER PARTY'S AGENT ENTITLED TO RESCISSION.
    One who was defrauded, in an exchange of properties, by the fraud of the broker, who was employed by the other parties to act as their agent, is entitled to rescission and to be placed *in statu quo*, although they had no knowledge of said fraud at the time it was perpetrated.

Appeal from Lapeer; Boomhower (Xenophon A.), J., presiding.    Submitted October 6, 1927.    (Docket No. 36.)    Decided January 3, 1928.

Bill by Charles Chaffee against Cleveland Raymond and another to rescind an exchange of real property on the ground of fraud.    From a decree dismissing the bill, plaintiff appeals    Reversed, and decree entered for plaintiff.

*Herbert W. Smith,* for plaintiff.

*George W. Des Jardins,* for defendants.

WIEST, J.    The bill herein was filed to rescind a

---

[3]Cancellation of Instruments, 9 C. J. § 195; [4]Agency, 2 C. J. § 541; Vendor and Purchaser, 39 Cyc. p. 1253; [5]Agency, 2 C. J. § 541; Exchange of Property, 23 C. J. § 47.

real estate transaction for alleged fraud perpetrated by a real estate agent representing defendants. Plaintiff owned a house and lot in the city of Lapeer, worth about $2,500, and listed it, for sale or exchange, with C. D. Moses, a local real estate agent. Defendants, as purchasers under a land contract, had an equity in a farm which they listed with Mr. Moses for sale or exchange. The farm was worth about $4,000 and $2,450 remained to be paid on the land contract. The agent brought about a deal. Plaintiff deeded his property to defendants and they assigned their contract interest to him and paid him $1,000. In order to raise a part of this money defendants mortgaged the property they received from plaintiff for the sum of $450. In the circuit the bill was dismissed. The circuit judge stated in an opinion that plaintiff was not entitled to relief for two reasons:

"(a) Because plaintiff did not offer to place the defendants *in statu quo*, that is, did not tender back what he had received from them before commencing this suit.

"(b) Because plaintiff has not shown any fraud on the part of the defendants in this transaction."

Without previous tender of the money received or offer to reassign the land contract, plaintiff filed the bill herein to obtain rescission, claiming the real estate agent falsely represented that the vendor in the land contract had written a letter stating $1,500 would be accepted in full payment of the $2,450. No such letter had been written. The real estate agent denied making any such representation. If the representation was made by Mr. Moses, defendants did not know it, and the first they heard about it was after the bill was filed. In an action at law, based on rescission, a tender is a prerequisite. *Wilbur* v. *Flood*, 16 Mich. 40 (93 Am. Dec. 203) ; *Joslin* v. *Noret*, 224 Mich. 240; *Lackovic* v. *Campbell*, 225 Mich. 1. In equity, however, the rule is not so rigid, for there the bill

must make profert of return of what has been received and the decree will place the parties *in statu quo*, as far as possible. We must hold that a bill to obtain rescission and place the parties *in statu quo* will not, as a matter of law, be dismissed for want of a tender before suit. This brings us to the question of fact.

Plaintiff is illiterate but not devoid of intellect. In this matter he enlisted the aid of his brother Ernest. The real estate agent knew of this and that plaintiff would only act as his brother advised. Plaintiff and his brother were well aware of the fact that there was $2,450 unpaid on the land contract, and that was the very reason for refusal to take the farm unless the vendor consented by letter to take $1,500 in full payment. Some time before this deal the vendor had offered a discount of 15 per cent. We are persuaded, by a preponderance of the evidence, that Mr. Moses represented that a letter, written by the vendor agreeing to accept $1,500 in satisfaction of the contract, had been received by a third party, and this induced plaintiff to take the farm. We are not impressed with the circumstances shown by Mr. Moses in support of his denial. There was no occasion to have a disinterested party read the land contract to plaintiff and impress upon him that it called for $2,450, for plaintiff knew the fact and that was the very stumbling block to the deal. Mr. Moses was defendants' agent in bringing about a sale of their contract interest in the farm. Defendants may retain no advantage brought to them by fraud of their agent.

As stated in 27 R. C. L. p. 365:

"As a general rule a vendor is liable for the fraud of his agent in effecting a sale though made without his knowledge or sanction. If the representations are made by the agent as a part of the negotiation for the purpose of bringing about the sale, and by means of this it is brought about, the conveyance made and the proceeds of the sale received, this brings the case

within the general rule that a principal is responsible for such acts of his agent as are done within the scope of his authority, whether authorized or not, except by the general authority to do the principal act."

Having employed Mr. Moses to make the sale, defendants are responsible for the methods adopted by him as their agent in accomplishing the purpose delegated.

The decree in the circuit is reversed and a decree will be entered here rescinding the exchange accomplished, and plaintiff must reassign the land contract to defendants and pay back the $1,000 received, less the amount of the mortgage placed by defendants on the city property, and defendants must, by proper deed, convey the city property to plaintiff subject, however, to the mortgage of $450, which plaintiff must assume and agree to pay. Plaintiff will recover costs.

FLANNIGAN, C. J., and FELLOWS, CLARK, McDONALD, BIRD, and SHARPE, JJ., concurred.

The late Justice SNOW took no part in this decision.