MAURER *v.* IDEN.

1. CANCELLATION OF INSTRUMENTS—CONTRACTS—FRAUD.
   In a suit for the cancellation of a contract for the purchase of a moving picture theatre, allegations that defendants were guilty of fraud in representing that the theatre was being operated at a large profit, whereas in fact it was operated at a loss, *held*, established by the proofs.

2. SAME—LACHES NOT SHOWN.
   Where the purchasers of a moving picture theatre took over its operation on February 8th, and on February 24th following filed a bill for rescission of the contract of purchase on the ground of fraud, it cannot be said that they were guilty of laches.

3. SAME — RESCISSION—TENDER NOT A CONDITION PRECEDENT TO SUIT IN EQUITY.
   While restoration or tender of restoration is a prerequisite to recovery in an action at law on the ground of rescission, it is not a condition precedent where cancellation or rescission is sought by bill in equity.

4. SAME—ADJUSTMENT FOR MISSING PERSONALTY MAY BE MADE IN ACCOUNTING.
   Where, in purchasers' suit for the rescission of a contract for the purchase of a moving picture theatre on the ground of fraud, an accounting was also prayed for, it was not necessary that they should restore possession of every item of personalty or make tender of such restoration before bringing suit, but missing items, if any, may be adjusted incident to the accounting.

Appeal from Wayne; Flannigan (Richard C.), J., presiding. Submitted April 4, 1928. (Docket No. 29.) Decided June 4, 1928.

Bill by Markus Maurer and another against Morris

[1]Cancellation of Instruments, 9 C. J. § 195; [2]Id., 9 C. J. § 196; [3]Id., 9 C. J. § 107; [4]Id., 9 C. J. § 225; 4 R. C. L. 512; 2 R. C. L. Supp. 1155.

Iden and another for rescission of a contract on the ground of fraud. From a decree for plaintiffs, defendants appeal. Affirmed.

*Edward N. Barnard,* for defendants.

NORTH, J. Markus Maurer and his wife, Celia Maurer, entered into an agreement with the defendants to purchase a moving picture business in the city of Detroit, which purchase included the personal property used in connection with the business and the lease of the property; the agreed consideration being $7,500. As part payment in this transaction the plaintiffs gave the defendants $500 in cash, deeded to them real estate in Macomb county valued at $1,100, and also conveyed their interest amounting to $2,700 in another piece of land located in Detroit. This latter parcel was sold on a contract and the plaintiffs assigned their interest therein as vendors to the defendants. The balance of the consideration for the theatre was to be paid in monthly installments of $100 each. The plaintiffs took possession February 8, 1927, and soon discovered from actual operation of the business that the theatre was a losing venture. They continued to operate it until March 9, 1927, but in the meantime and on February 24th they filed this bill of complaint wherein they seek to have their agreement to purchase and the conveyances and transfers of their property to the defendants canceled, and an accounting between the parties to this suit. It also appears that the plaintiffs operated this theatre for two days, March 19th and 20th. The defendants answered March 3d denying that the plaintiffs were entitled to any relief. The hearing of the case was concluded April 13, 1927. The plaintiffs prevailed in the circuit court, and the defendants have appealed.

Relief is sought by the plaintiffs on the theory that they were induced by the fraudulent representations

and deceit of the defendants to enter into this transaction. The particular fraudulent representation alleged in the bill is that the theatre could be and was being operated at a large profit, that it was producing profit of $100 per week; and as a part of the plan to induce the plaintiffs to believe and rely on such false representation, the defendants distributed tickets gratuitously about the community and thereby increasing the attendance at the theatre on the occasions when plaintiffs or their son, who was acting with them, were making observations as to the character and extent of the business. The defendants contend that the plaintiffs' claim of being deceived and defrauded in the manner alleged is not sustained by the proof. We have given the record careful consideration and find abundant proof therein, as did the circuit judge, to sustain these allegations of the bill of complaint.

It is strenuously urged by the defendants that relief should not be granted to the plaintiffs because they did not tender a return of the theatre until the hearing of the case. That they, therefore, did not place the defendants *in statu quo* as far as within plaintiffs' power so to do; and, further, the defendants claim the plaintiffs did not act promptly upon learning of the alleged fraud, but, instead, continued to operate the theatre and appropriated the income therefrom. It is also claimed in behalf of the defendants that it nowhere appears in the record that the various items of personal property used in connection with the theatre were still there at the time restoration was tendered during the hearing of the case. Reference to the dates hereinbefore given will show that the plaintiffs acted with a rather unusual degree of promptness in attempting to secure redress by means of this suit. Process was served on the defendants on or before March 1st, and the theatre continued as a going business at least a week thereafter, and soon after the

appearance of the defendants in the suit a petition for the appointment of a receiver was filed and thereafter one was appointed. We think the plaintiffs cannot be charged with laches.

In their contention as to the necessity of restoration of property as a condition precedent to relief, the appellants quote *John Schweyer & Co.* v. *Mellon,* 196 Mich. 597, but it does not sustain their position. While restoration or a tender of restoration is a prerequisite to recovery in a suit at law on the ground of rescission, it is not a condition precedent in this type of case, where cancellation or rescission is sought by bill in equity. This rule is well stated in *Witte* v. *Hobolth,* 224 Mich. 286, in the following words:

"It is said that plaintiff neither restored nor offered to restore to defendant the property received before seeking rescission. Neither was necessary. A bill in equity praying rescission proceeds on the theory that there has been no rescission, not on the theory that rescission has already been accomplished. Were plaintiff to sue at law for the money he paid defendant he should, before suit, restore or tender restoration of, the property he received that by his own act he thus may have legal right and title to the money. See 9 C. J. p. 1215; *Jandorf* v. *Patterson,* 90 Mich. 40."

These plaintiffs have not only asked for rescission of the transaction, but they ask and therefore they made proffer of an accounting; and the court in equity could and would require a restoration of property so far as necessary to do justice as a condition of granting relief. The accounting contemplated necessitated this. *Chaffee* v. *Raymond,* 241 Mich. 392. While there is neither proof nor reason to suppose that some of the personal property used in connection with the theatre was not there at the time of the hearing, had such been the case as to minor items, it could have been adjusted incident to the accounting. *Bailey* v. *Perkins,* 224 Mich. 27. It was not necessary that

the plaintiffs should restore possession of every item of personalty to the defendants or make a tender of such restoration before bringing this suit.

The record satisfies us that the plaintiffs were entitled to the relief granted in the lower court, and the decree is affirmed, with costs to the appellees.

FEAD, C. J., and FELLOWS, WIEST, CLARK, MCDONALD, POTTER, and SHARPE, JJ., concurred.