PETERS *v.* FAGAN.

1. VENDOR AND PURCHASER—FAILURE TO PERFECT TITLE—RIGHT TO
   RECOVER PAYMENT NOT WAIVED BY DELAY.

   Where the vendors in a land contract agreed that if title to the
   land conveyed had not been perfected by a certain date they
   would return to the vendee the money paid thereon, their fail-
   ure to so perfect the title within the stipulated period gave the
   vendee the right to recover, and waiver of said right may not
   be predicated on his delay of over a month in demanding the
   money, since he was not bound to make quick demand or else
   be deemed to have waived his right to recover.

2. CONTRACTS—WHEN CONDITIONAL PROMISE TO PAY BECOMES FIXED
   LIABILITY.

   A promise to pay, contingent upon an event happening before a
   day certain, by the nonhappening of the event, becomes abso-
   lute and fixed liability.

3. VENDOR AND PURCHASER—RESCISSION—RECONVEYANCE SHOULD BE
   TENDERED BEFORE BRINGING ACTION TO RECOVER—CONDITIONAL AF-
   FIRMANCE OF JUDGMENT.

   Vendee, rescinding a land contract because of vendor's failure to
   perfect title to the land conveyed within a stipulated period,
   should have tendered reconveyance before bringing an action
   to recover the money paid thereon, but where it is evident that
   had reconveyance been tendered there would have been no ac-
   ceptance thereof, judgment for vendee is affirmed, on review,
   on condition that within 20 days he file with the clerk of the
   trial court a proper release to the vendor.

Error to Muskegon; Vanderwerp (John), J. Sub-
mitted April 24, 1928. (Docket No. 38, Calendar
No. 33,378.) Decided October 1, 1928.

Assumpsit by Abraham Peters against J. J. Fagan
and A. M. Larsen, copartners as J. J. Fagan & Com-

pany, for money paid on land contract. Judgment for plaintiff. Defendants bring error. Affirmed, conditionally.

*Willard G. Turner, Jr.,* and *Charles B. Cross,* for appellants.

*Fred T. Miles,* for appellee.

Wiest, J. Plaintiff brought this suit to recover $3,500 paid defendants on a land contract containing a promise to return the money if title to the property was not perfected by August 1, 1926. The contract was made March 12, 1926, and contained the following provision:

"Said first parties (defendants herein) agree to convey the above described property by general warranty deed to said second party, * * * on or before August 1, 1926, and agree that on or before that date they will have perfected the title as good and merchantable. In the event that the title cannot be so perfected, first parties agree to return money paid hereon. Said first parties are under no liability if said title cannot be perfected. * * *

"And it is hereby expressly understood and agreed that time shall be deemed as of the very essence of this contract, and that unless the same shall, in all respects, be complied with by second party at the respective times, and in the manner above limited and specified, that second party shall lose and be debarred from all rights, remedies and actions, both at law and in equity, upon or under this contract."

After the contract was made the vendors filed a bill in the Leelanau circuit to quiet their title, but did not obtain a decree until September 27, 1926. Defendants' title was based upon adverse possession, and they understood that a decree in equity,

quieting their title, was necessary to perfect the same and render it merchantable. In the circuit plaintiff had judgment, and defendants review by writ of error.

The circuit judge made findings of fact, stated conclusions of law, and refused amendments proposed by defendants.

In behalf of defendants it is claimed that time within which to perfect the title was not the essence of the contract; that no demand for return of the money was made until September 13, 1926; that no tender back of the contract was made before suit, and that plaintiff, by delay, waived right of recovery.

Failure of the vendors to perfect the title within the stipulated period gave the vendee right to recover the money under the vendors' express promise to pay it back. It was, of course, optional with the vendee to have his money back or let the contract go on, but he was not bound to make quick demand for his money or else be held to have waived right thereto. The record discloses no act, or failure to act, upon which to base a waiver, and his demand, on September 13th, was timely and an election to have his money and end the deal. Plaintiff had no right to demand performance or return of his money before August 1st. After August 1st, because of defendants' express promise, he was entitled to his money, and this is true whether time was the essence of the contract or not. The promise to pay, contingent upon an event happening before a day certain, by the nonhappening of the event, became absolute and fixed liability.

Before suit plaintiff should have tendered a reconveyance to defendants. It is evident, however, that had such been done there would have been no acceptance, and, therefore, we affirm the judgment,

upon condition that plaintiff, within 20 days after the filing of this opinion deposit with the clerk of the trial court the proper release to defendants. See *Lackovic* v. *Campbell*, 225 Mich. 1. In default thereof the judgment will be reversed and a new trial granted, with costs to defendants.

This disposition of the case renders it unnecessary to decide plaintiff's motion to strike the bill of exceptions from the files.

FEAD, C. J., and NORTH, FELLOWS, CLARK, McDONALD, and SHARPE, JJ., concurred. POTTER, J., did not sit.