### SUTTON v. MEYERING LAND CO.

1. VENDOR AND PURCHASER—BREACH OF CONTRACT—SUBSTANTIAL
   PERFORMANCE—RESCISSION.
   In action by vendee to recover money paid on contract for pur-
   chase of lot, where vendor agreed to have certain improvements
   in subdivision made within three years, and shortly before
   expiration of that period vendee rescinded contract and de-
   manded return of his money, finding of trial judge that there
   was no substantial performance by vendor and that perform-
   ance within stipulated time was impossible, *held*, justified by
   evidence.

2. SAME—CONCURRENT COVENANTS—RESCISSION.
   Vendor's undertaking, in contract for sale of lot, to make cer-
   tain improvements in subdivision within certain time was not
   independent covenant but was concurrent with vendee's cove-
   nant to pay, and vendor's failure to perform warranted rescis-
   sion by vendee.

3. SAME—INABILITY TO PERFORM CAUSE FOR RESCISSION.
   When it became apparent that improvements could not be com-
   pleted within time stipulated in contract, vendee was under no
   legal obligation to continue making payments, and had right
   to rescind before expiration of period.

4. APPEAL AND ERROR—FAILURE TO TENDER RECONVEYANCE.
   Although vendee should have tendered reconveyance before com-
   mencing action to recover money paid under contract for pur-
   chase of lot rescinded because of vendor's failure to perform,
   his failure to so tender reconveyance is not cause for reversal,
   where tender was made and refused during trial.

5. COSTS—DELAY IN TENDERING RECONVEYANCE NOT CAUSE FOR
   REFUSAL OF COSTS WHERE TENDER REFUSED.
   Delay of vendee in tendering reconveyance until after action
   was commenced is not cause for refusing him costs in Supreme
   Court, where tender was made and refused during trial, al-
   though, had vendor accepted tender when made, it might have
   been entitled to costs incurred at that time.

On right of vendee to rescind executory contract for sale of
land because of vendor's breach of contract to make improvements,
see annotation in 21 L. R. A. (N. S.) 403.

Error to Superior Court of Grand Rapids; Verdier (Leonard D.), J. Submitted October 16, 1929. (Docket No. 116, Calendar No. 34,565.) Decided December 3, 1929.

Assumpsit by Edwin B. Sutton against the Meyering Land Company to recover money paid on land contract. From judgment for plaintiff, defendant brings error. Affirmed.

*Norris, McPherson, Harrington & Waer,* for plaintiff.

*Taggart & Kingston,* for defendant.

SHARPE, J. On May 26, 1925, plaintiff entered into a contract to purchase lot 246 of Meyering Land Company's Lake Drive Estates subdivision in Paris township, in the county of Kent. The entire subdivision was then vacant land, located within the limits of the village of East Grand Rapids. The contract price was $1,800. A small down payment was made, and monthly payments thereafter provided for. Its use was limited to a single residence, the cost thereof to be not less than $6,000. The contract provided that "time is of the essence of this contract," and that, in default, the deferred payments might be declared to be due, and contained the usual provisions for retaking possession or foreclosure by the vendor. The following provision was inserted in the form of contract used by the defendant:

"The seller further agrees that it will, at its expense, cause following improvements in Lake Drive Estates Subdivision to be made and completed within three (3) years from the date hereof: Adequate water mains connected to a proper water supply,

adequate sewers connected with a proper sewer system, electric lights, cement sidewalk, and graded roadbeds surfaced with gravel; all of the said improvements to be installed in the entire subdivision including said above described premises, to be started at once and carried forward in a diligent manner and completed within the time above limited.''

About the middle of January, 1928, the plaintiff, in an interview with defendant's local agent, called his attention to the provisions in the clause above quoted, to the impossibility of defendant's being able to complete the improvements within the three years, which would expire on May 26, 1928, and rescinded the contract and demanded a return of the money paid and interest thereon. The agent expressed his surprise at the special provision in the contract, and said that he would take it up with the head office of the defendant in Detroit.

On September 15, 1928, plaintiff brought this action to recover the moneys so paid. During the pendency of the trial, he tendered to defendant a quitclaim deed of the lot and a written release of all rights acquired by him under the contract. Defendant declined to accept them. The case was tried before the court without a jury. The trial judge filed findings of fact, in which he stated that it was impossible for defendant to complete the improvements within the time limited therefor, and concluded as a matter of law that plaintiff was entitled to recover the amounts paid by him with interest thereon, amounting to $858.96. Defendant seeks review of the judgment entered therefor by writ of error.

It is the claim of the defendant that "the agreement to improve was substantially performed" by it, and that "the slight delay in performance * * * gave plaintiff no right of rescission." In the find-

ings of the superior court judge, after referring to the improvements then made, he said:

"In January, 1928, however, there was no street lighting system in the remainder of the subdivision; a large portion of the sidewalks in the subdivision remained to be constructed; Hall street was not graded or surfaced and there was no sidewalk constructed on lot 246. The gravel surfacing on some of the streets was in such condition in the autumn of 1927 that plaintiff's automobile became stuck while he was driving over the streets of the subdivision to inspect its condition."

He also found that the sidewalk on this lot had not been constructed on May 26, 1928, the end of the three-year period, and that at that time about 40 per cent. of the sidewalks in the subdivision had not been constructed. It is apparent that there had not been a substantial performance at the time plaintiff rescinded, and that the finding of defendant's inability to complete the improvements within the 3-year period was justified.

Defendant contends that its undertaking to make these improvements was in the nature of an independent covenant, and that the delay in performance gave plaintiff no right of rescission, but left him to an action for damages sustained through the delay. Quite similar covenants in a vendor's contract were before this court in the quite recent case of *Folkerts* v. *Marysville Land Co.,* 236 Mich. 294. It was there held (syllabus):

"Under a contract for the sale of certain city lots, wherein the vendor covenanted to have certain improvements on said lots completed within five years, and the vendees covenanted to pay the purchase price within the same time, the covenants are concurrent and therefore dependent, and a breach by the vendor warranted the vendees in rescinding the contract."

The authorities are there so fully cited and discussed at length by Chief Justice BIRD, including the decision in *Crampton* v. *McLaughlin Realty Co.*, 51 Wash. 525 (99 Pac. 586, 21 L. R. A. [N. S.] 823), relied on by defendant, that it is unnecessary to further consider them. A later case, in which the same rule was applied by the circuit court of appeals of the fifth circuit, is *De Bisschop* v. *Crump,* 24 Fed. (2d) 807.

Counsel also insist that "plaintiff had no right of rescission in advance of the expiration of the 3-year period." When it became apparent that the improvements could not be completed within the three years, plaintiff was under no legal obligation to continue making his payments, and had a right to rescind. *De Bisschop* v. *Crump, supra.* The facts warranted decision within the rule stated in 6 R. C. L. p. 929:

"It must clearly appear, not only that defendant could not do the work within the time, but that his failure in respect of this matter would be so material as to make his performance essentially different from his promise."

It is also urged that plaintiff should have tendered a reconveyance before commencing suit. It must be admitted that he should have done so, but his failure in this respect does not entitle defendant to a reversal of the judgment. *Peters* v. *Fagan,* 244 Mich. 46. Had the defendant accepted it when made, it might have urged that it was entitled to the costs incurred at that time. But it declined to do so, and the delay in tendering it is no sufficient cause for refusing costs to appellee in this court.

The judgment is affirmed.

NORTH, C. J., and FEAD, BUTZEL, WIEST, CLARK, McDONALD, and POTTER, JJ., concurred.