BROWN v. KELLY.

1. MORTGAGES—DISCHARGE—FRAUD—RESCISSION.

Mortgagee induced to discharge mortgage and accept as part consideration therefor worthless mortgage on other property was entitled to rescission on proof of fraud.

2. SAME—ON RESCISSION OF FRAUDULENT TRANSACTION PART CONSIDERATION MAY NOT BE RETAINED.

On rescission of discharge of mortgage induced by fraud, mortgagee was not entitled to retain cash payment as part consideration for discharge and credit it on mortgage.

3. SAME—TENDER—OFFER TO REPAY.

Mortgagee's omission to tender back cash payment made as part consideration for discharge of mortgage induced by fraud did not preclude his right to rescission of said discharge, where offer to repay was made in open court and is renewed in appellate court.

Appeal from Antrim; Gilbert (Parm C.), J. Submitted October 9, 1930. (Docket No. 42, Calendar No. 35,195.) Decided December 2, 1930.

Bill by John O. Brown against John J. Kelly to rescind discharge of mortgage. From decree dismissing bill, plaintiff appeals. Reversed upon condition.

*E. N. Clink,* for plaintiff.

*Thos. D. Meggison,* for defendant.

SHARPE, J. On October 3, 1920, the plaintiff, a resident of Fort Wayne, Indiana, conveyed certain lands in Antrim county, in this State, to Jesse Macbeth, of Fort Wayne, receiving as part payment

therefor a mortgage thereon for $7,000, payable in five years from the date thereof. By subsequent conveyances the defendant became the owner of these lands on August 24, 1926. The mortgage was then unpaid. Plaintiff was pressing for payment. At a meeting of the parties in Fort Wayne on November 6, 1926, a deal was made whereby plaintiff accepted an assignment of a mortgage for $5,000 on certain lands in the State of Montana, in which one George Mahoney was named as mortgagee, and $2,500 in cash, and acknowledged satisfaction of his $7,000 mortgage and the interest thereon and executed a discharge thereof. Plaintiff claims that he was induced to accept this mortgage by the fraudulent representations made to him by the defendant as to the character and value of the Montana land. He soon after discovered the fraud, and, on March 4, 1927, filed his bill of complaint herein, filing therewith an assignment of the Montana mortgage, with an offer to insert any name therein desired by defendant as assignee, and praying that the discharge of his mortgage be vacated and it revived and the $2,500 paid to him be decreed to be a credit thereon.

Defendant in his answer denied that the misrepresentation complained of was made, and avers that the mortgage on the Montana lands "is of the value of $5,000." A decree was entered dismissing the bill for the want of sufficient evidence to establish the fraud and the lack of a tender back of the amount received by plaintiff, from which the plaintiff appeals.

The deal spoken of was consummated in a bank in Fort Wayne, of which Frank H. Cutshall was vice-president. The plaintiff and defendant and Mahoney were then present. Mahoney produced a form of application for a loan, purporting to be made by Clay B. Luce, the owner of the Montana land, dated

June 13, 1919, in which it was stated that the land was worth $11,200 and the buildings thereon $4,000. Mr. Cutshall testified that Kelly assumed to have personal knowledge of the farm and its condition; that Luce was then on it, and that "it was a good farm and under cultivation." Plaintiff also so testified. The deposition of Mr. Luce was taken at Moscow, Idaho, where he then resided. He testified that he deeded the farm in 1925 for a consideration of $25; that there was then a mortgage on it of $5,000, and a commission mortgage for $1,500; that he moved from it in September, 1926, and the commission mortgage was then being foreclosed; that there was then due for delinquent taxes about the sum of $700. He further stated:

"Taking into consideration all of the facts concerning which I have testified, in my opinion the $5,000 mortgage given by me to Lander & Company would be worth, in November, 1926, about $200, considering the delinquent taxes."

The deposition of another witness discloses that the farm has been "sold for taxes and is now owned by the holder of the tax deed." This testimony was undisputed. Clearly, the plaintiff's proofs made out a case for rescission on his part.

It is urged that his omission to tender back the $2,500 paid to him precludes him from obtaining the relief sought. We do not think that he is entitled to credit this payment on the mortgage debt. In open court his counsel offered, and again here offers, to make such payment. This offer should be accepted. *Chaffee* v. *Raymond*, 241 Mich. 392.

If the plaintiff shall within 15 days after the filing of this opinion pay into the hands of the clerk of this court the said sum of $2,500 and interest thereon at the rate of 7 per cent. per annum (that being the

rate provided for in the mortgage here reinstated) from November 6, 1926, to the date of such payment, to be withdrawn by the said defendant on filing a receipt therefor, a decree may be here entered as prayed for in the bill of complaint, without costs to either party. Should such payment not be made within the time above stated, the decree of the circuit court will be affirmed, with costs to appellee.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.