LIGHTNER *v.* KARNATZ.

1. VENDOR AND PURCHASER—RESCISSION—CANCELLATION OF INSTRUMENTS—FRAUD.

In suit by purchaser to rescind contract for purchase of lots and to recover money paid thereon, on ground of fraud, decision in favor of plaintiff *held*, sustained by testimony.

2. SAME—RESCISSION CONDITION PRECEDENT TO ACTION AT LAW.
    In action at law for recovery of land or damages based upon
    rescission by plaintiff, rescission is ·condition precedent to
    maintenance of action.

3. SAME—EQUITY—RESCISSION NOT CONDITION PRECEDENT IN EQ-
  UITY SUIT.
    In suit in equity for rescission of contract for purchase of land
    and to recover money paid thereon, restoration or tender by
    plaintiff before suit is unnecessary, since suit proceeds on
    theory that there has been no rescission, not on theory that
    rescission has already taken place.

4. SAME—PURCHASER'S DEFAULT NO BAR TO RESCISSION.
    Purchaser may maintain suit for rescission of contract for pur-
    chase of land and to recover money paid thereon, on ground of
    fraud, notwithstanding he is in default in contract payments.

Appeal from Wayne; Root (Jesse H.), J., presiding. Submitted January 13, 1932. (Docket No. 130, Calendar No. 35,583.) Decided April 4, 1932.

Bill by Lillian Lightner, *nee* Fullmer, against Louise Karnatz and another to rescind two land contracts. Decree for plaintiff against defendant Karnatz. Defendant Karnatz appeals. Affirmed.

*Harry H. Mead,* for plaintiff.

*Wynn, Zinn & Freimuth,* for defendant Karnatz.

POTTER, J. Plaintiff, January 28, 1930, filed her bill of complaint against defendants to rescind two written contracts for the purchase of real estate, to recover the money she had paid on such contracts, and for other relief. From a decree for plaintiff, defendant Karnatz appeals. Plaintiff alleges defendant Karnatz, October 6, 1925, owned lot 50 of Karnatz Bonaparte subdivision of lot 4, Beahmer's subdivision of section 31, town 1 south, range 11

east; that the defendant Schanhite was the agent of defendant Karnatz in the sale of this lot to plaintiff; that Schanhite represented the lots as residence lots, worth $1,400, and that the adjoining property belonged to defendant Karnatz and was a part of a general scheme of development in that locality. Plaintiff went to see the property, accompanied by one Evelyn C. Bazley. She made some objections to the property, and thereupon Schanhite represented to her defendant Karnatz owned the adjoining property; the barn on the property, which she objected to, was only a temporary structure and would be removed; the owner had already contracted to have the barn torn down; the streets were to be extended and the property would be on a trunk highway; the defendant would, at her own. expense, install sewers, sidewalks, and water mains and plant at least one tree in front of the premises, and contracts were already let for the construction of homes in the subdivision, and the neighborhood was to be a high-class residential district. Plaintiff entered into a contract on October 6, 1925, for the purchase of lot 50, and Miss Bazley purchased on contract about the same time lot 51, and plaintiff acquired Miss Bazley's interest in lot 51, about March 1, 1926. She claims the representations in relation to its being a residential subdivision were false, as were the representations made as to the extension of streets and shade trees and the building of sidewalks and sewers. The contracts were identical except the number of the lots. The trial court found defendants guilty of fraud and misrepresentation in the sale of the lots and that defendant Karnatz failed,. neglected, and refused to install sewer mains in the subdivision in accordance with the contract. He found plaintiff was entitled to recover what she

had paid on the lots and a lien on the same for the money paid by her on the contracts, with costs. We think the testimony sustains the findings of the trial court, and that plaintiff is entitled to the relief granted.

1.   In *Witte* v. *Hobolth,* 224 Mich. 286, the majority of the court held,

"The decree for rescission and cancellation gives plaintiff a lien on the said personal property to secure payment of the amount found to be due."

In *German Bundescheim Society* v. *Schmidt,* 242 Mich. 139, it was held the cases of *Von Hoene* v. *Barber,* 215 Mich. 528, and *Mulheron* v. *Henry S. Koppin Co.,* 221 Mich. 187, were overruled by *Witte* v. *Hobolth, supra,* the holding of which was applied to a land contract.

2.   Much of appellant's brief is devoted to plaintiff's failure to rescind or to give notice of rescission, and return or tender a return of the consideration received by her by the contract, prior to the commencement of suit. There may be some confusion in the cases elsewhere on this subject, but in this State the rule is settled. A court of law entertains an action for the recovery of land or damages based upon a rescission by the party plaintiff. Rescission is a condition precedent to the maintenance of suit. It can be maintained only where rescission has taken place. On the other hand, a suit in equity is not based upon rescission. It is a suit for rescission. 1 Pomeroy's Equity Jurisprudence (3d Ed.), § 110. Restoration or tender before suit is a necessary element in legal rescission, but is wholly superfluous as a prerequisite to the commencement of a suit in equity for rescission or cancellation. 6 Pomeroy's Equitable Remedies,

§ 688. In *Jandorf* v. *Patterson*, 90 Mich. 40, it was held it was not necessary for complainant to reconvey or tender reconveyance before filing a bill for rescission.

In *Peters* v. *Fagan*, 244 Mich. 46; *Sutton* v. *Meyering Land Co.*, 248 Mich. 601; and *Brow* v. *Gibraltar Land Co.*, 249 Mich. 662, where assumpsit was brought, it was held a tender should have been made prior to the institution of suit. These cases do not affect the rule in equity, nor the reasons upon which it is based.

In *Witte* v. *Hobolth*, *supra*, a bill for rescission on the ground of fraud was filed, and the failure of plaintiff to reconvey or tender reconveyance prior to the institution of suit was urged as a defense. It is said:

"It is said that plaintiff neither restored nor offered to restore to defendant the property received before seeking rescission. Neither was necessary. A bill in equity praying rescission proceeds on the theory that there has been no rescission, not on the theory that rescission has already been accomplished. Were plaintiff to sue at law for the money he paid defendant he should, before suit, restore, or tender restoration of, the property he received that by his own act he thus may have legal right and title to the money."

And in *Maurer* v. *Iden*, 242 Mich. 568, *Jandorf* v. *Patterson*, *supra*, and *Witte* v. *Hobolth*, *supra*, were cited with approval, and it is said:

"While restoration or a tender of restoration is a prerequisite to recovery in a suit at law on the ground of rescission, it is not a condition precedent in this type of case, where cancellation or rescission is sought by bill in equity."

3.  It is contended, also, that plaintiff may not rescind while in default.

"Plaintiff had the right to rescind without paying or tendering payment of the unpaid portion of the purchase price notwithstanding he was in default in his contract payments.   *   *   *   Full performance thereof would merely have consisted in his paying more, and upon rescission the defendant would then have been required to repay to plaintiff a correspondingly larger sum." *Brow* v. *Gibraltar Land Co., supra.*

4.  Plaintiff holds the lot sold to Miss Bazley, as assignee.  A cause of action for fraud may not be assigned.  The representations complained of were made in plaintiff's presence and relied upon by her.  This question is not raised by appellant, and is passed.

We are satisfied this reasoning is applicable to the facts here involved.  The decree is affirmed, with costs.

CLARK, C. J., and McDONALD, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.