DE BLOUW *v.* RAMM & CO.

1. FRAUD—EVIDENCE—DEEDS—PROMISES.

In suit by grantors to set aside deed to 10 acres of land, executed in return for grantee's alleged promise to pay back taxes on remaining 10-acre parcel, finding of fraud on behalf of grantee's agent *held*, supported by ample evidence, where neither grantee nor her agent had funds with which to pay such taxes and market for resale of land in lots was nonexistent, as a promise will constitute a fraudulent misrepresentation if, at the time it was made, the promisor had no intention of performing.

2. SAME—FAILURE TO DISCLOSE AGENCY TO BOTH PARTIES OF DEED—RESCISSION.

Person who acted as agent for two parties to deed without disclosing his agency for grantee to the grantors is guilty of constructive fraud upon the grantors and where transaction involved was obviously unfair to grantors, such breach of fiduciary duty is ground for rescission.

3. PRINCIPAL AND AGENT—FRAUD OF AGENT—RETENTION OF BENEFITS BY PRINCIPAL.

A principal cannot retain the benefits of a contract obtained for her by her agent through fraud, regardless of whether or not she knew of the fraud.

4. EQUITY—LACHES—DISCOVERY OF FRAUD.

Plaintiffs in suit to set aside deed and rescind a contract on ground of fraud *held*, not guilty of laches barring recovery where suit was commenced within a month after plaintiffs discovered fraud although the commission of the fraud preceded discovery by several years.

5. SAME—RESCISSION—PERFORMANCE.

Equity can rescind a land contract for fraud even though performance has been executed, hence fact that part performance has been made does not bar rescission.

6. SAME—TENDER OF RESTITUTION' NOT A CONDITION PRECEDENT.

 A tender of restitution is not a condition precedent to a suit for rescission in equity, since the decree can be conditioned on the making of restitution.

7. APPEAL AND ERROR—MOOT QUESTIONS—CONDITIONAL DECREE OF RESCISSION.

 Decree conditioning the setting aside of a conveyance and rescission of contract upon payment of arrearage of taxes, where conveyance was found to have been obtained fraudulently by promise of payment of such taxes, is affirmed where, although rescission should have been granted unconditionally so far as performance by defendants is concerned, under circumstances involved, defendants have not availed themselves of opportunity to retain title by paying taxes and issue has become moot.

8. EQUITY—RESCISSION—RESTITUTION.

 Since restitution is a condition of rescission, decree setting aside a conveyance and granting rescission of contract to pay arrearage of taxes and to make improvements is conditioned upon restoration to defendant who made improvements of the costs thereof.

9. COSTS—EQUITY—RESCISSION—CHANGE OF CONDITION.

 Costs are allowed plaintiffs in suit in equity to set aside a conveyance and rescind a contract where decree of rescission is affirmed although condition of such relief is changed from non-performance by defendants to restoration of *status quo ante* by plaintiffs.

Appeal from Macomb; Reid (Neil E.), J. Submitted April 8, 1938. (Docket No. 54, Calendar No. 39,623.) Decided June 6, 1938.

Bill by Henri De Blouw and wife against Ramm & Company, a Michigan corporation, Laura Haecker, Max Ramm, John Doe and Mary Roe to rescind a contract, set aside a deed and for other relief. Decree for plaintiffs. Defendants appeal. Affirmed.

*Goetz & Weyher,* for plaintiffs.

*Charles A. Svenson (N. Calvin Bigelow,* of counsel), for defendants Ramm & Co. and Max Ramm.

*Fred T. Mohn (N. Calvin Bigelow,* of counsel), for defendant Haecker.

BUTZEL, J. In 1925, plaintiffs, as owners, conveyed by warranty deed to defendant Ramm & Company a tract of land consisting of approximately 20 acres in Macomb county. They received in payment $6,500 in cash and a purchase-money mortgage of $23,500. They also reserved all the buildings on the premises, the growing crops, and the use of the land until December 1, 1925, at which time the buildings were to be removed. Ramm & Company made payments on the mortgage and reconveyed certain portions of the premises for credit, so as to reduce the balance due on the principal to the sum of $14,898.85. Defendant Max A. Ramm was president of Ramm & Company.

In the month of February, 1932, the value of the property had shrunk from the purchase price of $1,500 an acre to between $100 and $200 an acre. Ramm & Company found itself in difficulties and, after changing its name to the Northeastern Realty Company, filed a petition for voluntary dissolution, in which proceedings a permanent receiver was appointed. At this time Ramm & Company was very seriously in default in its payments on the purchase-money mortgage. The taxes for five years were also in default. Plaintiffs paid one-half of the 1927 taxes for Ramm & Company. Max Ramm gave plaintiffs a check for $614.96 to reimburse them. This check has never been paid. In 1932, Ramm knew that the land was not worth over $4,000, although over $14,000 was still owing on the mortgage. He also knew that the receiver was willing to surrender the

property to the vendors in consideration of a release from liability on the mortgage. On July 15, 1932, Ramm went out to see the plaintiffs and told them that they were going to lose the property for non-payment of taxes and that the State would take it away from them on tax sale. At that very time he was on a legislative committee of the real estate board working for the relief of taxes for the very years for which they were in default. He must have known that no tax sale was imminent. Plaintiffs testified that Ramm then informed them that he thought he could save the property by finding a purchaser for part of it who would pay the taxes. He represented to them, according to their testimony, that he knew a woman who would pay all back taxes on the entire 20 acres, would improve the property for the purpose of sale in lots or small farms, and also would pay the bad check of $614.96, if they would deed to her one-half of the premises. Ramm in his testimony denied that he represented that the purchaser would pay the taxes on the entire 20 acres. He stated that the agreement was that the purchaser would pay the taxes on the 10 acres purchased and would make improvements, while the taxes on the 10 acres retained by plaintiffs would be paid out of sales of the property after it had been improved and divided into small farms. Fearing that they would lose their land for failure to pay taxes, and relying on Ramm's representations, plaintiffs executed a deed of 10 acres of the land to Louise Haecker, who, as they discovered some time later, proved to be Ramm's mother. This deed was executed on July 15, 1932, at the time of Ramm's visit to plaintiff's home, all papers necessary for the transaction having been prepared by him in advance. At the same time, plaintiffs executed a deed of the remaining 10 acres

to their son but he claims no interest thereunder and it is admitted that title to the 10 acres is in the plaintiffs.

On August 10, 1932, the receiver of the Northeastern Realty Company executed a quitclaim deed of the premises to plaintiffs. This deed was given to Ramm and retained by him until shortly before the hearing of this cause. Plaintiffs knew that the land was to be released by the receiver. On July 25, 1932, in conformance with the plan to divide and sell the 10 acres retained by plaintiffs, Ramm obtained a sales agreement under which he was to receive a 30 per cent. commission. The entire 20 acres were surveyed, staked out in lots, and various improvements were made. A road was cinderized, drains and a culvert put in, and a bridge was erected over a small stream, all of which work the trial court found to be of a value of $300. In 1935, when there was an improvement in the real estate market, Ramm sold a parcel of the property at less than the price set by the sales agreement, but he retained his full commission. He also received down payments on other pieces.

The back taxes on the property and the check for $614.96 were never paid by any of the defendants, although plaintiffs made repeated demands. In August, 1935, plaintiffs learned for the first time that Mrs. Haecker was Ramm's mother, and realized that a fraud had been perpetrated upon them. While the plaintiffs had met Mrs. Haecker sometime in 1932, after the conveyance had been made to her, they were not aware at the time that the purchaser of the 10 acres was Ramm's mother.

On August 22, 1935, plaintiffs began this suit to rescind the contract and conveyance of July 15, 1932, and to regain the title to the 10 acres conveyed to

594 MICHIGAN REPORTS. [June

Mrs. Haecker. The trial court found that Ramm
had represented that Mrs. Haecker would pay the
taxes on the entire 20 acres. A decree was entered
rescinding the contract and deed to Mrs. Haecker,
unless the defendants should pay the back taxes
within 30 days. If the defendants paid the taxes,
then title was to remain in Mrs. Haecker, and plain-
tiffs were further obliged to reimburse defendants
in the amount of $150 for the improvements made in
their 10 acres.

Defendants have appealed claiming that plaintiffs
did not tender restitution before suit; that part per-
formance of the contract precludes rescission; that
fraud was not shown by clear and convincing proof;
that plaintiffs are guilty of laches; and that defend-
ants have not been reimbursed for expenditures
made.

Plaintiffs took a cross-appeal from that part of
the decree which gave defendants the right to pay
taxes within 30 days and retain title to the 10 acres.
However, since defendants did not pay the taxes
within the prescribed time, plaintiffs do not press
the cross-appeal provided the decree is affirmed
without modification.

There is ample evidence to support a finding of
fraud. The trial judge believed the witnesses for
plaintiffs, whom he saw, and he held that Ramm had
represented that Mrs. Haecker would pay the taxes
on the entire 20 acres. Neither Ramm nor Mrs.
Haecker could have intended to perform at the time,
for Ramm testified that neither had funds in 1932
with which to pay the taxes. Ramm testified that
they intended to obtain money out of the sale of lots,
but he also admitted that he knew in 1932 there was
no market for real estate. A promise will constitute
a fraudulent misrepresentation if, at the time it was

made, the promisor had no intention of performing. *Gower* v. *Wieser,* 269 Mich. 6.

Ramm induced plaintiffs to deed their property to Mrs. Haecker by telling them the State was going to sell the land for taxes. He knew that such was not the case. And even if defendants are correct in their denial of fraudulent misrepresentations, Ramm was at least guilty of constructive fraud in acting for his mother, without disclosing the relationship to plaintiffs. Ramm admitted that he was agent both for plaintiffs and Mrs. Haecker. He could not presume to act for plaintiffs in this transaction, the unfairness of which is so apparent, without disclosing the fact that he was also acting on behalf of one in whom he naturally must have been interested. Such a breach of fiduciary duty is a ground for rescission. *McCulley* v. *Rivers,* 203 Mich. 417. Mrs. Haecker cannot retain the benefits of the contract obtained for her by her agent through fraud, regardless of whether or not she knew of the fraud. *Chaffee* v. *Raymond,* 241 Mich. 392; *Gower* v. *Wieser, supra.*

Defendants claim that plaintiffs are guilty of laches. It is true that plaintiffs brought no legal action for several years after the commission of the fraud. However, they did begin suit within less than a month after learning that Mrs. Haecker was Ramm's mother. There is no such delay here as will bar recovery.

There is no foundation for defendants' contentions that a tender of restitution is a condition precedent to a suit for rescission and that equity cannot rescind a contract which has been partly performed. This is not a suit at law. Equity can rescind a contract for fraud even though performance has been executed. *Witte* v. *Hobolth,* 224 Mich. 286. A tender of restitution is not a condition precedent to a

suit for rescission in equity, since the decree can be conditioned on the making of restitution. *Witte* v. *Hobolth, supra; Chaffee* v. *Raymond, supra; Maurer* v. *Iden,* 242 Mich. 568; *Lightner* v. *Karnatz,* 258 Mich. 74. It having been proved that the conveyance was obtained by fraud, the trial court should have granted rescission without permitting defendants to retain title on payment of the taxes. However, since the time set in the decree for making such payment has expired without defendants availing themselves of the opportunity to do so, the issue has become moot and the decree of rescission is affirmed.

Because the order of rescission was conditioned on performance by defendants and not upon restitution by plaintiffs, no proper provision was made for restoring defendants to the *status quo ante.* Restitution is a condition of rescission. *Papciak* v. *Morawski,* 243 Mich. 157. Defendants have performed no part of their contract except the making of improvements of the value of $300. There is no basis in this suit for the other credits claimed by defendants and they are entitled to restitution of only $300.

The decree of rescission is affirmed, but plaintiffs are to pay to Mrs. Haecker the sum of $300 within 90 days from the date of the decree to be entered in accordance with this opinion, and for the payment of which amount she shall have a lien on the premises. Plaintiffs, however, shall recover costs.

Wiest, C. J., and Bushnell, Sharpe, Potter, Chandler, North, and McAllister, JJ., concurred.