## DE BOBULA v. WINSTON.

### No. 586.

Municipal Court of Appeals for the District of Columbia.

March 11, 1948.

[4] Francisco v. Chicago & A. R. Co., 8 Cir., 149 F. 354, 355, 9 Ann.Cas. 628; Cybur Lumber Co. v. Erkhart, 5 Cir., 247 F. 284; see also Kelly v. Great Atlantic & Pacific Tea Co., 4 Cir., 86 F. 2d 296; Huntt v. McNamee, 4 Cir., 141 F. 293.

Titus De Bobula, pro se.

No appearance for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Appellee, plaintiff in the trial court, sued defendant for possession of what is variously described as an "office" or "studio" on the grounds (1) of nonpayment of the rent and (2) that the tenant had violated an obligation of his tenancy by using the rented space for living purposes. Defendant filed a counterclaim for "$300 damages and $300 punitive damages" for "willful refusal and neglect of the Rent Control Act."[1] The trial court, sitting without a jury, decided all issues in favor of plaintiff and defendant appeals.

The basic controversy between the parties is whether the premises were rented to the tenant for office purposes as contended by plaintiff or for living purposes as contended by defendant. Admitting that he had not paid the September 1947 rent as such, defendant claimed the rented space constituted "housing accommodations" within the meaning of the Rent Act, that hence the rent charged him in prior months on a commercial rent basis was illegal and that therefore there was a balance owing to him. The same contention, together with a claim that he was deprived of "services" to which he was entitled, furnishes the basis of defendant's counterclaim.

We believe that the evidence amply supports the trial court's finding that at the time the lease between the parties was made there was no intention by either the lessor or lessee to consider the premises as housing accommodations. It is the mutual assent of parties as manifested by their words and actions rather than any mental intent which governs the making of a contract.[2]

The lease signed by the parties was entitled "office lease." In the controversial clause it was provided that the space described as "2nd floor office, 720 17th St., N.W., (was) to be occupied exclusively as architect's studio by the tenant." The word "studio" was written in place of the word "office" which had been stricken out. Plaintiff testified the space had been advertised for office use, that defendant had answered the advertisement, that defendant told him while he wanted to use the premises as an architect's office he wanted permission to install a studio couch so that he could have a place to lie down and that this request was granted. Plaintiff's employee who made the change from "office" to "studio" testified to the same ef-

[1] Code 1940 (Supp. V), § 45—1601 et seq.

[2] Restatement, Contracts, Vol. 1, § 20, comment a; Hotchkiss v. National City Bank of New York, D.C., 200 F. 287.

fect, adding that defendant told her that "architects always have studios rather than an office" and that she "figured he was artistic and wanted it (the lease) to say 'studio' instead of 'office'" and therefore she made the change. Both witnesses testified defendant did not tell them he and his wife planned to live on the premises as they did eventually. The premises contained no stove or refrigerator. Defendant himself testified he told plaintiff he wanted the place for a combination office and living quarters for himself and wife. Under the familiar rule our problem is to determine whether there was sufficient evidence to support the trial court's finding. As already indicated, we believe there was.

We find no evidence to support defendant's counterclaim for damages. In his brief defendant cites various statements about records of the Rent Administrator's office and other matters contained in an affidavit of defense which he filed. Such affidavit of defense was only a pleading, and it is elemental that such statements are not evidence. Defendant apparently had a stenographic report made of the evidence, but he has not brought it before us as permitted by our rules. We must rely on the statement of proceedings and evidence as certified by the trial judge.[3]

We have considered other assignments of error and find them without merit.

Affirmed.

---

[3] Levy v. Bryce, D.C.Mun.App., 46 A.2d 765.