## SOLDANO v. HOLMES.

### No. 615.

Municipal Court of Appeals for the District of Columbia.

July 14, 1948.

536

Jacob N. Halper, of Washington, D. C., for appellant.

Herman Miller, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

This appeal originated in a suit brought by appellee Holmes to recover a deposit delivered to appellant Soldano as security for the performance of a real estate sales contract. On trial the jury found for plaintiff and defendant appeals.

Prior to the disputed transaction defendant, acting through a straw party, had contracted to purchase eleven pieces of improved real estate in northeast Washington but transfer of ownership was awaiting search of title. While the purchase by defendant was in that status, plaintiff, also acting through a straw party, delivered to a real estate agent representing defendant an offer to purchase seven of such lots and made a deposit of $700 to bind the purchase. The offer was on a standard form frequently employed in real estate transactions in the District of Columbia and provided that settlement should be made "within 30 days from the date of acceptance hereof by the owner, or as soon thereafter as a report on the title can be secured * * *."

This offer was taken to defendant, who inserted at the bottom thereof the following: "This contract accepted subject to the deposit being increased to $1000.00 with settlement 25 days from 12/15/44." (The offer was dated December 14, 1944.) The proffered contract was not otherwise altered. As changed by the quoted clause, the contract was then signed by the straw parties representing plaintiff and defendant.

The balance of the $1,000 deposit having been made by plaintiff, he made numerous efforts to determine the state of the title, calling officials of the title company and the agent who had negotiated the sale. Finally after the expiration of the 25 days and being told that the title was not ready, he called upon defendant and demanded the return of his deposit, but it was refused. The title search was completed by the title company on or about January 24, 1945, and the parties were notified to that effect. On January 31 defendant wrote plaintiff that the transaction would be settled at the title company on February 9, and on that date he completed his purchase from the previous owner and executed and deposited with the title company in escrow the necessary deeds to convey the property to plaintiff's straw. Upon plaintiff's refusal to accept the deeds and pay the balance due, defendant declared the deposit forfeited.

The controversy is over the meaning of those parts of the contract having to do with the date for settlement. Defendant's position is that the 25-day provision added by him was merely a substitution for the 30-day phrase contained in the offer, and

hence that settlement was to be made within 25 days or as soon thereafter as a report on the title could be secured. As thus interpreted, defendant admittedly fulfilled the contract and plaintiff breached it. Plaintiff, however, urges that the provision inserted by defendant means exactly what it says, namely, that settlement was to be made 25 days from December 15, and since defendant failed to settle by that date plaintiff is entitled to recover his deposit.

Both sides were permitted to introduce parol evidence showing the circumstances surrounding the making of the contract. Plaintiff testified that he wanted the contract to provide for 60 days for settlement because he planned to go south and wanted to settle when he returned, but that defendant had insisted on the 25-day provision and had assured him that settlement would be made within that time. Defendant on the other hand testified that there was no understanding that settlement was to be made at the end of 25 days in lieu of the provision that settlement was to be made when title was ready.

The trial court denied defendant's motion for a directed verdict and instructed the jury in substance that if they believed it was intended by the parties that performance should be had in 25 days then they should find for the plaintiff, provided they should further find that the defendant was not able to perform within that time; but that if they believed it was intended that performance should be had when the title was ready then the finding should be for the defendant.

Defendant's only assignments of error are the refusal to direct a verdict in his behalf at the close of plaintiff's evidence on the ground that the contract was ambiguous; the submission of the interpretation of the contract to the jury; the alleged altering of the contract by parol evidence; and the implied holding that time was of the essence of the contract.

■ We agree with the rulings of the trial court in admitting parol testimony showing the circumstances surrounding the parties at the time of making the contract. Such evidence is admissible in order to ascertain but not alter the true meaning of the contract.[1]

■ We also agree with the trial court's refusal to direct a verdict for defendant. As a general rule the interpretation of a written instrument is for the court.[2] However, when the meaning is uncertain or ambiguous, and parol evidence is introduced in aid of its interpretation, the question of its meaning should be left to the jury under proper instructions.[3] If the meaning, after taking the parol evidence into account is so clear that no reasonable man could reach more than one conclusion, the court will properly decide the question of fact for itself, as it may any question of fact which is equally clear.[4]

■ Here, as in the interpretation of all contracts, it is the mutual assent of parties as manifested by their words and actions rather than any mental intent which governs.[5] Using the general rule that a contract will be most strongly construed against the one who prepared it, we believe the trial court would have been fully justified in itself construing the contract in the sense urged by plaintiff. Defendant himself wrote in the words "with settlement 25 days from 12/15/44," and it was this language which was accepted by plaintiff. If defendant had intended that these words be limited so that they would be ineffective

[1] Fox v. Johnson & Winsatt, 75 U.S. App.D.C. 211, 127 F.2d 729; Arsenault v. Angle, D.C.Mun.App., 43 A.2d 709; 73 W.L.R. 817; Restatement, Contracts § 235(d); 9 Wigmore, Evidence (3d Ed. 1940) § 2470.

[2] McReynolds v. Mortgage & Acceptance Corporation, 56 App.D.C. 342, 13 F.2d 313; Turner v. Mertz, 55 App.D.C. 177, 3 F.2d 348, 39 A.L.R. 1140; Hazleton v. LeDuc, 10 App.D.C. 379; Arsenault v. Angle, D.C.Mun.App., 43 A.2d 709; 73 W.L.R. 817; 3 Williston, Con-

tracts (Rev.Ed.1936) § 616, and cases cited therein.

[3] Floyd v. Ring Const. Corporation, 8 Cir., 165 F.2d 125; Copp v. Van Hise, 9 Cir., 119 F.2d 691; 3 Williston, Contracts (Rev.Ed.1936) § 616; and cf. New York Sash & Door Co. v. National House & Farms Ass'n., 131 N.J.L. 466, 36 A.2d 891.

[4] 3 Williston, Contracts (Rev.Ed.1936) § 616.

[5] DeBobula v. Winston, D.C.Mun.App., 57 A.2d 742; 76 W.L.R. 425.

until title was ready, he could easily have said so. Certainly the contract read as a whole is open to the interpretation that defendant was agreeing that the title search was to be completed and good title delivered to plaintiff 25 days from December 15. If, therefore, the court erred in submitting the case to the jury, the error was of benefit to defendant, and he is in no position to complain.

We have no doubt, finally, that under the circumstances of this case time was of the essence of the contract. The mere change in the time for settlement from 30 to 25 days would so indicate. It is undoubtedly the general rule that the time fixed for performance is, in actions at law, deemed of the essence of the contract.[6]

No error appearing, the judgment of the trial court is

Affirmed.

---

[6] Bank of Columbia v. Hagner, 1 Pet. 455, 26 U.S. 455, 7 L.Ed. 219; 3 Williston, Contracts (Rev.Ed.1936) § 846, note 4; cf. Peters v. Fagan, 244 Mich. 46, 221 N.W. 274.