JEFFERSON PARK LAND CO. *v.* WAYNE CIRCUIT JUDGE.

1. PLEADING—AMENDMENTS SHOULD BE LIBERALLY ALLOWED IN INTEREST OF JUSTICE.

The power of the court to grant amendments to pleadings should be liberally exercised in the interest of justice.[1]

2. SAME—LOCAL RULE SHOULD NOT BAR AMENDMENT IN INTEREST OF JUSTICE.

A local rule of court prohibiting motions after a case has reached the call is entitled to observance, and refusal of the court to depart from it and allow an amendment to the pleading will not be lightly viewed, but it should not be permitted to stand in bar of getting before the court full issues and essential parties.[2]

3. SAME—ALTERNATIVE REMEDY MAY BE PRAYED FOR.

In a suit alleging fraud in the sale of lots, remedy in the alternative, either rescission of the contracts in cer-

[1]Pleading, 31 Cyc. p. 367; [2]Id., 31 Cyc. p. 398 (Anno).

tain cases, or satisfaction in damages, may be prayed for in the bill, where the exact remedy is incapable of determination until the proofs are in, and under such circumstances plaintiff may not be compelled to elect the remedy in the pleadings.[3]

4. SAME—AMENDMENT ERRONEOUSLY REFUSED ON GROUND ALTERNATIVE REMEDIES SOUGHT WERE INCONSISTENT.

An amendment to the bill in said suit allowing plaintiff to elect between said remedies after the proofs are in was erroneously refused in the court below, on the ground that said remedies are inconsistent.[4]

5. COSTS—DELAY—AMENDMENTS—MANDAMUS.

Where the motion to amend the pleading was unnecessarily delayed until the case was on call, no costs will be allowed on granting mandamus to compel allowance of said amendment, which is necessary in the interest of justice.[5]

Mandamus by the Jefferson Park Land Company, Limited, to compel Clyde I. Webster, circuit judge of Wayne county, to permit an amendment to a bill of complaint.   Submitted February 9, 1926.   (Calendar No. 32,366.)   Writ granted March 20, 1926.

*Frederic T. Harward,* for plaintiff.

*Percy W. Grose,* for defendant.

WIEST, J.    In this proceeding plaintiff asks us to direct the circuit judge to permit amendment to a bill in chancery in the Wayne circuit.    Plaintiff owned a tract of land, in the city of Detroit, subdivided into upward of 1,200 lots.    It constituted Pascoe & Sons, copartners, selling agents at prices to be fixed by plaintiff.    Alleging a modification permitting Pascoe & Sons to fix selling prices, and that they fraudulently fixed low prices and sold to themselves, their relatives, and "stool pigeons," for the purpose of reselling the

[3]Cancellation of Instruments, 9 C. J. § 179.    Pleading, 31 Cyc. p. 653 (Anno); [4]Cancellation of Instruments, 9 C. J. § 183; [5]Mandamus, 38 C. J. § 758 (Anno).

same at true value and pocketing the gain, plaintiff filed a bill in chancery in the Wayne circuit, asking that the contracts so fraudulently made be rescinded, canceled and held for naught, and Pascoe & Sons come to an accounting and be decreed to pay the difference between the prices for which lots were fraudulently sold and the true value thereof.   Pascoe & Sons answered, denied the alleged fraud, set up pendency of a suit at law in the Wayne circuit, brought by them against plaintiff herein, to recover their compensation as sales agents, asserted plaintiff has an adequate remedy at law, and claimed plaintiff seeks to set aside certain land contracts without making the persons holding the same parties defendant. ·

The answer was amended and affirmative relief under allegations in the nature of a cross-bill asked. Plaintiff answered the cross-bill.

Issue having been so joined, the case came to the call for hearing.   When the case reached the call, a local rule of court forbid delay, but plaintiff then moved to amend the bill.   This was opposed, and amendment denied by the court.   In response to our order the circuit judge has placed before us his reasons why he should not be directed to permit the amendment.   We need not set out the return.

Counsel presenting the matter in behalf of the circuit judge states the questions presented:

"*First.* Was plaintiff entitled to amend its bill of complaint as a matter of law?

"*Second.* Has plaintiff waived that right to amendment by reason of laches?"

Right to amend without leave of court had passed, but right to amend by leave of the court remained, and in the interest of justice should be liberally exercised; avoiding, however, needless delay and not too far tending to foster carelessness.

The local rule, prohibiting motions after a case has

reached the call, is entitled to observance, and refusal to depart from it will not be lightly viewed; but the rule should not be permitted to stand in bar of getting before the court full issues and essential parties.

The bill of complaint was filed October 27, 1924, the answer averring want of specification and essential parties was filed November 21, 1924, and the case was at issue June 9, 1925. The first answer filed challenged attention to need of amendment to the bill and this should have been attended to before the case reached the trial call, for there was ample time, a year having elapsed between the filing of such answer and the date of the motion for leave to amend. The need of amendment was imperative if issues were to be tried with necessary parties. The excuse made for the delay in an affidavit was somewhat lame but sufficient to permit an exercise of discretion by the circuit judge. We state the showing:

"That at the time this suit was commenced this plaintiff did not have all the information it now has as to just what contracts for the sale of lots in said subdivision by Pascoe & Sons were fraudulent and invalid; that through investigation this plaintiff, through deponent and its agents, has reliable information that the contracts set out in amendment IX-A are fraudulent."

We need spend no more time on this subject, for the circuit judge did not refuse amendment because of delay in asking leave or in the exercise of his discretion; but, in an opinion, expressed the view that the bill, as filed, was for damages upon affirmance, and plaintiff could not amend by asking for rescission on the ground of fraud, and wait until the testimony is in to decide which remedy will be elected; that, while inconsistent causes of action may be joined, the remedy in case of fraud must be elected between rescission or affirmance in the pleading.

The circuit judge recognized the complication pre-

sented by reason of several lots with different parties in interest being involved, but thought the rule unaffected thereby.   There appears to have been some discussion about the duty of plaintiff to designate the parties to sales claimed fraudulent and to name the parties against whom rescission was sought.   Plaintiff presented two amendments; in one the alleged fraudulent purchasers were named and lot numbers given, but no election to rescind made; in the other, parties against whom rescission was elected were named and lots designated.   Plaintiff claims right to elect at the close of proofs.   This is controverted, and the point made that right to rescind is inconsistent with right to have damages and the bill as filed was for damages and not for rescission.   Upon this question we think the circuit judge was in error in holding, in effect, that remedy in the alternative could not be asked in the bill.

This seems to be a case in which equity and exact justice may or may not require rescission, and incapable of determination until the proofs are in.   Even under a bill to rescind, if equity demands affirmance and damages instead, it may be so decreed.   There exists no such inconsistency between right to have rescission or be remitted to take satisfaction in damages as to imperatively command election in the pleadings in a case like the one at bar.   The original bill prayed rescission or damages, and the amendment proposed but amplified the allegations therein and sought to bring interested parties before the court. It may turn, when the proofs are in, that equity and good conscience require plaintiff to affirm and have damages instead of rescission with reference to some lots and as to others have rescission.   All parties sought to be joined trace rights through acts of the selling agents, and there is good reason for a single hearing.   The amendment should be allowed without

requiring election of remedy between affirmance and rescission.

On account of the delay in asking leave to amend, no costs will be allowed herein.    If necessary, the writ will issue.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, CLARK, and McDONALD, JJ., concurred.