McHUGH *v.* TRINITY BUILDING CO.

1. VENDOR AND PURCHASER—PAYMENT OF TAX—COMPLETION OF REC-
ORD—APPEAL AND ERROR.

In suit involving land contract, where it does not appear in
record that tax has been paid, but plaintiffs' brief states
that tax was paid and county treasurer's certificate was filed
in law action on contract, decree is withheld until it is made
part of record by stipulation of counsel or filing of such cer-
tificate in this court.

2. JUDGMENT—RES ADJUDICATA.

Where bill for rescission of land contract and for other relief
was filed before judgment was rendered in action at law on
contract, and, although said action was allowed to proceed
to judgment, summary action thereon was restrained, said
judgment may not be held *res adjudicata* of equity suit,
although not appealed from.

3. VENDOR AND PURCHASER—PLEADING—FAILURE TO ANSWER CROSS-
BILL—ADMISSIONS.

Where defendants filed answer in nature of cross-bill, alleging
default and praying for foreclosure, an answer thereto was
demanded, and it was not answered by merely denying that
defendants were entitled to relief prayed for; but this is of
little moment where plaintiffs admitted nonpayment, alleged
excuse, and asked for relief.

4. CANCELLATION OF INSTRUMENTS—RESCISSION IN EQUITY.

Bill in equity praying rescission proceeds on theory that there
has been no rescission, not on theory that rescission has
already been accomplished.

5. EQUITY—RESCISSION—JURISDICTION.

Bill in equity praying rescission of land contract gave court
jurisdiction.

6. APPEAL AND ERROR—FAILURE TO APPEAL.

Where plaintiffs did not appeal from decree holding that their
right to rescission of land contract was lost by laches and
payments made after discovery of misrepresentations, Supreme
Court may not hold otherwise.

7. Equity—Damages May be Awarded Instead of Rescission.
   Under bill for rescission of land contract and other relief, if
   equity demands affirmance and damages instead, it may be so
   decreed, and court is not required to remit plaintiffs to action
   at law.

Appeal from Wayne; Lamb (Fred S.), J., presiding. Submitted January 7, 1931. (Docket No. 30, Calendar No. 35,367.) Decided April 23, 1931. Rehearing denied June 25, 1931.

Bill by Ralph T. McHugh and another against Trinity Building Company and others to rescind a land contract and for other relief. Cross-bill by defendant Northwestern Investment Company for foreclosure of said land contract and for other relief. From decree entered, defendant Northwestern Investment Company appeals. Affirmed.

*James M. Cleary,* for plaintiffs.

*J. Gilbert Quail* and *Arthur Gloster,* for defendant Northwestern Investment Company.

Wiest, J. This is a bill by vendees to rescind a land contract, alleged to have been induced by false representations, and have a vendee's lien for payments made. Rescission was denied, but an award of damages decreed and credited upon the contract.

Defendant Northwestern Investment Company, assignee of the vendor, prosecutes this appeal. The land contract was executed January 16, 1928, with plaintiffs, vendees, and the Trinity Building Company, vendor, and the same day assigned by the vendor to defendant Northwestern Investment Company.

The house was built upon swamp ground, the building was improperly constructed, has settled, the interior walls have cracked, doors and windows

do not fit, the roof leaks and many other defects exist, all contrary to representations made by the builder, defendant Trinity Building Company. There was sharp controversy over the question of a swamp at the point where the house stands, but considering the mute evidence furnished by the house and the articulate evidence by frogs in the back yard, we are satisfied that the witnesses who said there was formerly a swamp at that point are correct. But it is said that no such claim was set up in the bill. The bill alleged representations made, and averred falsity thereof, and sufficiently connected many of the defects with the mentioned cause. The house was new, and when the frost left the ground in the spring the building soon disclosed defects. Plaintiffs complained, relied on promises to repair, and made payments of installments for many months.

The circuit judge held the right to rescind lost, but the right to have justice remained, and awarded a sum sufficient to remedy the wrong done.

At the hearing it was claimed, and in this court it is urged, that:

"This land contract should not have been admitted in evidence and when at the close of the hearing the tax had not been paid the court should have granted defendant's motion to dismiss the bill."

The record does not show payment of the tax, but in the brief of counsel for plaintiffs it is said that the tax was paid by the Northwestern Investment Company in September, 1929, when that company brought suit on the contract in the common pleas court, and set forth the certificate of the county treasurer. This, not being in the record, cannot be considered beyond leading us to say that, hearing the case *de novo*, we will withhold decree until it is

made a part of the record by stipulation of counsel or filing of such certificate in this court.

In its answer to the bill defendant stated:

"This defendant further shows that plaintiffs * * * were served with summons in case No. 6228 in the common pleas court as the return of the officer will show, in which case they appeared by attorney, and pleaded thereto. And that on October 28, 1929, a valid judgment in the sum of $460.60 was rendered in favor of the Northwestern Investment Company against the plaintiffs and a motion for new trial was made, argued and denied, reference to which is prayed, which judgment is in full force and effect and has never been appealed and which is *res adjudicata* to all the claims which the plaintiffs attempt to raise in this suit."

The bill herein was filed October 16, 1929, and before the judgment was rendered in the common pleas court. The original record returned to this court shows that upon filing the bill an order was made for defendants to show cause, if any, why an injunction should not issue restraining prosecution of the action in the common pleas court, together with a restraining order in the meantime. October 26, 1929, the restraint was modified and the Northwestern Investment Company permitted to proceed with its action in the common pleas court, but required any money collected to be deposited with the clerk of the circuit court to await further order of the court. January 22, 1930, the order modifying the restraint was vacated and the cause "referred back to Hon. Theodore J. Richter, circuit judge." February 14, 1930, the restraining order was dissolved for failure to file a bond. March 10, 1930, the order dissolving the restraining order was set aside and an injunction authorized and issued restraining defendants "from taking any summary action either

before the circuit court commissioner or in any other manner, for the purpose of collecting on said contracts during the pendency of this suit, and from proceeding any further with the action now instituted in the common pleas court for the city of Detroit." This case was heard in June, 1930.

Upon this record we cannot hold that the judgment in the court of the common pleas is *res adjudicata* of issues herein.

The answer of the Northwestern Investment Company, in the nature of a cross-bill, alleged default by plaintiffs and prayed foreclosure. The answer to plaintiffs' bill called for no counter pleading by plaintiffs, but the cross-bill demanded an answer, and it was no answer to merely deny that defendant was entitled to the relief prayed in the cross-bill. But this is of little moment, for plaintiffs admitted nonpayment, alleged excuse, and asked for relief. Plaintiffs asked for rescission or other relief agreeable to equity and good conscience.

We said in *Witte* v. *Hobolth,* 224 Mich. 286:

"A bill in equity praying rescission proceeds on the theory that there has been no rescission, not on the theory that rescission has already been accomplished."

The bill gave the court of equity jurisdiction. The court evidently thought that right to have rescission was lost by laches and payments. Plaintiffs not having appealed we may not hold otherwise. Upon the subject of laches see *Culver* v. *Avery,* 161 Mich. 322; *Witte* v. *Hobolth, supra; Plate* v. *Detroit Fidelity & Surety Co.,* 229 Mich. 482.

In *Jefferson Park Land Co.* v. *Wayne Circuit Judge,* 234 Mich. 341, we said:

"This seems to be a case in which equity and exact justice may or may not require rescission, and in-

capable of determination until the proofs are in. Even under a bill to rescind, if equity demands affirmance and damages instead, it may be so decreed.''

In the case at bar the court, upon refusing rescission, was not required to remit plaintiffs to an action at law.

We think the decree just, and it is affirmed, with costs to plaintiffs.

Butzel, C. J., and Clark, McDonald, Potter, Sharpe, North, and Fead, JJ., concurred.