BARKE v. GRAND MOBILE HOMES·SALES, INC.

1. ACTION—LAW AND EQUITY—PROCEDURAL DISTINCTIONS—SUBSTAN-
TIVE DIFFERENCES.

Procedural distinctions between law and equity in this State have been abolished, but the substantive differences remain.

2. CONTRACTS—EQUITY—RESCISSION.

An equitable action to rescind a contract proceeds on the theory that there has been no rescission and not on the theory that rescission has already been accomplished.

REFERENCES FOR POINTS IN HEADNOTES
[1]  27 Am Jur 2d, Equity § 4.
[2–5] 17 Am Jur 2d, Contracts § 512 et seq.
[6]  17 Am Jur 2d, Contracts § 489.

3. SAME—EQUITY—RESCISSION—TENDER.

An action at law, based on an election to rescind a contract, proceeds on the theory that rescission has already been accomplished and party seeking rescission must before suit restore or tender restoration of the subject matter of the contract so that by his own act he thus may have legal right and title to the money paid.

4. SAME—EQUITY—RESCISSION.

An equitable action to obtain rescission of a contract and place the parties *in statu quo* will not, as a matter of law, be dismissed for want of a tender before suit.

5. SAME—RESCISSION AT LAW—EQUITY—EXTREME INCONVENIENCE.

The wronged party may keep the benefits of the contract and proceed with court action to rescind the contract under equitable principles, where he would be put to extreme inconvenience by tendering back property in order to bring suit for rescission at law.

6. SAME—EQUITY—RESCISSION—LACHES.

Delay of 4 months from the date of purchase of a house trailer to the date of filing suit by purchaser for rescission of the contract of sale *held*, not to constitute laches on her part in the circumstances of the case, the house trailer being used as the home of the purchaser, a widow.

Appeal from Kent; Vander Wal (John H.), J. Submitted Division 3 November 9, 1966, at Grand Rapids. (Docket No. 1,596.) Decided March 28, 1967.

Complaint by Ruth M. Barke against Grand Mobile Homes Sales, Inc., a corporation, for rescission of contract to purchase a house trailer. Complaint dismissed on motion of defendant. Plaintiff appeals. Reversed and remanded.

*Keith R. Wellington,* for plaintiff.

*Dilley & Dewey (A. Newton Dilley,* of counsel), for defendant.

McGREGOR, P. J. Appellant filed a complaint in the circuit court in which she alleged that in November, 1963, she purchased a new house trailer from the appellee for $5,600, trading in her used house trailer, for which she was to receive a credit of $4,000. She alleged that the appellee induced her to sign a blank purchase agreement upon the representation that the document would be completed later by the appellee with the agreed price and credit, but that the document was fraudulently filled in with a greater amount owed. The appellant was notified of the transfer of the sales contract to a bank, which advised her for the first time that the balance owed was greatly in excess of the balance she believed to have been agreed upon between herself and the appellee.

Appellant claimed that the appellee fraudulently placed in the document, signed by her in blank, a purchase price of $5,624 and that, instead of giving the appellant $4,000 credit for the trailer traded in by her, the appellee substituted therefor $1,910 and added other charges, the larger of which were amounts of $434 as the cost of insurance and $1,753 as a finance and service charge; none of such charges had been agreed upon by the parties. The total of the time balance thus owed under these figures was $5,901.

Thereafter, the appellee admitted that the figures of that first statement were erroneous and substituted amounts which left a time balance owed of $3,714.76.

The appellant alleged that she was a widow and unfamiliar with business transactions, that she relied upon the appellee's representations and was induced into purchasing the trailer by the representations of the appellee that no charges would be made for delivery, installation, or anything else,

and that the balance she would owe would be $2,225. She claims that the appellee represented that the trailer would contain furniture of the same type and quality as in a sample house trailer shown to her, but in fact, the trailer delivered to her contained inferior furniture and equipment. She alleges that the appellee's representations concerning the trailer and furniture were false, but that she relied upon them in purchasing the same.

The appellant asked that the contract of purchase be rescinded by the order of the court and that she be paid damages representing the amount owed the holder of the contract in the amount of $5,901. She also prayed for $4,000 representing the value of the trailer traded in by her, plus other damage or relief necessary because of the inferior equipment furnished in the house trailer.

The appellee filed an answer admitting that the appellant purchased the house trailer; that it was agreed she was to receive $4,000 for her trailer as a trade-in; however, appellee denied that the purchase price of the trailer was $5,600 but instead stated that the purchase price of the new trailer was $6,769. The answer denied that any false representations were made to the appellant or that she was induced to sign a blank document, or that such document was fraudulently filled in with figures other than those agreed upon between the parties. The appellee denied that the parties had ever discussed a balance of $2,225 and alleged that the appellant had selected her own furniture and had accepted delivery of it without complaint. The answer further admitted that the contract had been sold to a bank.

It is an undisputed fact that the appellant continued in possession of the trailer up to the time of trial.

At the trial, but prior to the submission of the proofs, the appellee's counsel made an oral motion to dismiss the complaint on the grounds that the appellant had failed to tender the return to the appellee of the trailer in question, and that by her continued use, occupancy, and possession of the trailer, the appellant had waived her rights to rescission and that such use and occupancy was inconsistent with a suit for rescission. The trial court granted the appellee's motion and dismissed the case with full prejudice, reciting that the appellant had elected to rescind and that no tender of the return of the trailer had been alleged or claimed by the appellant, and that the appellant had waived her right to claim a rescission by her continued use and possession of the trailer. The appellant made a motion for rehearing, but it was denied.

The issue is whether the trial court erred in granting the appellee's motion to dismiss the appellant's complaint with full prejudice before the submission of proofs, where the complaint prayed for rescission of a contract and where the appellant had failed to tender the return of the subject matter and had continued in possession thereof.

The appellant maintains that her action is in equity for rescission to be ordered by the court, and not an action at law based upon her election to rescind. The general rule is stated in 11A Callaghan's Michigan Pleading & Practice, § 85.03, page 67, thusly:

"An action to rescind or cancel is equitable in nature. It is important to note, at this juncture, that although the procedural distinctions between law and equity in this State have been abolished, the substantive differences remain. To be kept in mind, accordingly, is the distinction between an action of an equitable nature to obtain a rescission

and an action at law based on an election to rescind. The equitable action to rescind proceeds on the theory that there has been no rescission and not on the theory that rescission has already been accomplished." (Footnotes omitted.)

Also, see *McHugh* v. *Trinity Building Co.* (1931), 254 Mich 202.

The distinction was pointed out in *O'Neill* v. *Kunkle* (1928), 244 Mich 653, at pages 655 and 656, in a case for rescission of a contract for the exchange of land:

"Defendants invoke the rule of rescission applicable in an action at law. This same contention was made in *Witte* v. *Hobolth* (1923), 224 Mich 286, and thus answered:

" 'It is said that plaintiff neither restored nor offered to restore to defendant the property received before seeking rescission. Neither was necessary. A bill in equity praying rescission proceeds on the theory that there has been no rescission, not on the theory that rescission has already been accomplished. Were plaintiff to sue at law for the money he paid defendant he should, before suit, restore, or tender restoration of, the property he received that by his own act he thus may have legal right and title to the money. See 9 CJ, p 1212; *Jandorf* v. *Patterson*, 90 Mich 40.' "

Our Supreme Court held, in *Chaffee* v. *Raymond* (1928), 241 Mich 392, 394, 395:

"In an action at law, based on rescission, a tender is a prerequisite. *Wilbur* v. *Flood*, 16 Mich 40 (93 Am Dec 203); *Joslin* v. *Noret*, 224 Mich 240; *Lackovic* v. *Campbell*, 225 Mich 1. In equity, however, the rule is not so rigid, for there the bill must make profert of return of what has been received and the decree will place the parties *in statu quo*, as far as possible. We must hold that a bill to obtain rescission and place the parties *in statu*

*quo* will not, as a matter of law, be dismissed for want of a tender before suit."

Also, see *DeBlouw* v. *Ramm & Co.* (1938), 284 Mich 589; *Lightner* v. *Karnatz* (1932), 258 Mich 74; *Maurer* v. *Iden* (1928), 242 Mich 568.

The rule of equity where a court is asked to rescind is not without a reasonable basis. In certain circumstances it is the right and proper way to proceed by allowing an alleged wronged party to retain the benefits of a contract and have the party petition a court to rescind the contract. The benefits of the contract may be so vital to the party as would cause extreme inconvenience if they were relinquished, notwithstanding the fact that the party is dissatisfied with the contract, that the party cannot reasonably do without the benefits of the contract or something else to replace them, such as the consideration paid. The appellant here is a widow beyond the productive years, the house trailer in question is her home. The ends of justice would not be served by requiring her to give up her home in order to satisfy a technicality of the law by tendering back the benefits of the contract before an action based on an election to rescind could be maintained. With the delay that is often an unfortunate necessity in our legal process, such a rule requiring the tendering back of the house trailer could leave the appellant homeless for several months. Where a party would be put to such extreme inconvenience by tendering back property in order to bring suit for rescission at law, the better procedure is to allow the party to keep the benefits of the contract and proceed with a court action to rescind the contract under equitable principles. In the light of appellee's admitted error in the amount of the trade-in allowance, the circumstances of the four months' delay from the date

of purchase to the date of filing suit by appellant are not such as to constitute laches on her part.

It is the opinion of this Court that the trial court erred in dismissing this case before the submission of proofs, because the appellant had failed to tender back the house trailer received by the term of the contract sought to be rescinded. It is not a condition precedent in this type of case, where rescission is sought by a complaint, equitable in nature. Such a complaint proceeds on the theory that there has been no rescission. By its very nature an equitable action for rescission requires that the plaintiff have the subject property in her possession at the time suit is filed. The trial court may consider use or rental values as one of the items in placing the parties *in statu quo.* Accordingly, this case is remanded to the trial court for further proceedings not inconsistent with this opinion. Costs to appellant.

BURNS and NEWBLATT, JJ., concurred.