KAHOUN v. METROPOLITAN LIFE INSURANCE COMPANY.

1. Contracts—Insurance—Fraud and Misrepresentation—Jury Trial.

Separate trial by the court without a jury of issues of fraud and misrepresentation in action for reimbursement of medical expenses where plaintiff insured had demanded trial by jury and defendant insurer pleaded affirmative defenses of fraud and misrepresentation *held*, improper denial of trial by jury which plaintiff demanded.

2. Action—Law and Equity—Procedural Distinctions—Substantive Differences.

Procedural distinctions between law and equity in this State have been abolished, but the substantive differences remain.

3. Equity—Fraud—Jurisdiction.

A court of equity has concurrent jurisdiction with courts of law in actions involving fraud, where something more than a money judgment is necessary to work out the rights of the parties.

4. Contracts—Insurance—Fraud—Affirmative Defense.

Issue of fraud raised as an affirmative defense in action by insured against insurer for reimbursement of medical expenses

References for Points in Headnotes
[1, 4] 31 Am Jur, Jury §§ 5, 11, 40; 53 Am Jur, Trial § 293;
[2] 27 Am Jur 2d, Equity §§ 1, 2.
[3] 27 Am Jur 2d, Equity § 20.

under insurance policy where defendant demanded no equitable relief in action and where plaintiff claimed only a money judgment was determinative only of whether plaintiff should recover money and did not determine any remedy associated with equity; therefore trial court erred when it denied plaintiff the trial by jury that he demanded.

Appeal from Houghton, Brennan (Leo J.), J. Submitted Division 3 May 8, 1968, at Marquette. (Docket No. 2,636.) Decided July 24, 1968.

Complaint by George S. Kahoun against Metropolitan Life Insurance Company, a New York corporation, for reimbursement of medical expenditures. Judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Wisti, Jaaskelainen & Schrock,* for plaintiff.

McGREGOR, J. Plaintiff George S. Kahoun applied for and received a hospital and surgical benefit insurance policy from defendant Metropolitan Life Insurance Company on February 13, 1962. Ten months later he was hospitalized for seven weeks, incurring expenses of $1,247.80. During the hospitalization he had a gangrenous toe amputated and was found to be suffering diabetes mellitus. He was put on insulin and has remained on it ever since.

Defendant refused to pay for this hospitalization and rescinded the insurance coverage on the grounds that in his application for this insurance coverage, the plaintiff answered negatively certain material questions:

"*Question:* Have you * * * ever been advised by a physician or other practitioner to modify or restrict your eating, drinking, or living habits because of any health conditions?
"*Answer:* No.

"*Question:* Have you  \*  \*  \*  ever been treated for, under observation for, or told that you  \*  \*  \* had  \*  \*  \*  (g) diabetes; disease of the kidneys?
  "*Answer:* No.
  "*Question:* During the past 5 years, have you  \*  \*  \*  had any disease, ailments or injuries  \*  \*  \*  which required treatment, examination, or advice by a physician  \*  \*  \*  or at a  \*  \*  \*  hospital?
  "*Answer:* No."

In response to plaintiff's subsequent suit for reimbursement of medical expenditures[1] and his demand for trial by jury, the defendant company denied liability, and pleaded affirmatively the defenses of fraud and misrepresentation.

From the record it appears that, in 1957, plaintiff was told by his doctor that he had sugar in his blood and that he thereafter took orinase tablets in order to control that condition. It also appears that he had been injured in an automobile accident in June, 1958.

This cause was subsequently tried by the court, over objections of the plaintiff that a jury had been requested. On November 30, 1964, after the issues had been joined, the trial court on its own motion ordered "That a separate trial of such issues should be held by the court without a jury  \*  \*  \*  that, in the furtherance of convenience and to avoid prejudice, a separate trial of such issues will be so held."[2] On July 18, 1966, the trial court, by written

---

[1] GCR 1963, 112.4.   Action upon a Policy of Insurance.   In an action upon a policy of insurance it is sufficient to aver the execution, the date, the amount of the policy, the premium paid or to be paid, the property or risk insured, the interest of the insured, and the loss. The defenses of breach of condition, agreement, representation, or warranty of a policy of insurance or an application therefor, or the defenses of failure to perform a promise, representation, or warranty, or failure to furnish proof of loss as required by the policy shall be stated specifically and with particularity.

[2] GCR 1963, 505.2.   Separate Trials.   The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any

opinion, filed his "findings of fact and conclusions of law with verdict for defendant."

On this appeal, we are asked to reverse because the trial court abridged the plaintiff's right to a jury trial. on the issue of misrepresentation (see Const 1963; art I, § 14), and because the court erred in ordering a separate trial on the issue of fraud, with the court as trier of fact. The order separating the issues is not appealed. Defendant filed nothing in this appeal.

Apparently, the trial court proceeded under the theory that this matter of claimed fraud and misrepresentation could be disposed of by the non-jury equity power of a court without a trial by jury. Under GCR 1963, 505, a trial court may order a separate trial of any claim or of any separate issue in furtherance of convenience or to avoid prejudice. Also relevant is GCR 1963, 509:

"When a jury has been demanded as provided in Rule 508 the action or appeal shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury unless (1) the parties agree otherwise by stipulation in writing or on the record, or (2) the court upon motion or of its own initiative finds that the right of trial by jury of some or all of those issues does not exist under the constitution."

Plaintiff's position is that in an action brought at law, the issue of fraud and misrepresentation is a question to be determined by the jury and not by the court. Further, plaintiff asserts that, by assuming the role of trier of fact, the trial court in the present case abridged his right to a jury trial, as secured by the Michigan Constitution.

---

separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues.

While the procedural distinctions between law and equity in this State have been abolished, the substantive differences remain, *Barke* v. *Grand Mobile Homes Sales, Inc.* (1967), 6 Mich App 386, and it is an established principle that courts of equity have concurrent jurisdictions with courts of law in actions involving fraud, where something more than a money judgment is necessary to work out the rights of the parties. *Ainscough* v. *O'Shaughnessey* (1956), 346 Mich 307. In the instant case, the issue of fraud was raised solely as an affirmative defense and defendant demanded no equitable relief of any sort. Since the plaintiff was claiming a money judgment in his suit for breach of contract, the affirmative defense would have to be responsive to that remedy. The issue of fraud was determinative only of whether plaintiff should recover money, and did not determine any remedy associated with equity.

"Plaintiff herein had a full, complete and adequate remedy at law and there was no showing that there was some feature of the case that would bring it peculiarly within the province of a court of equity." *Christian* v. *Porter* (1954), 340 Mich 300, 306.

The right to jury trial should not be abridged in actions brought at law.

"In this State, law actions must be brought on the law side of the court where the parties may have the benefit of a trial by jury. We have steadfastly adhered to the rule that plaintiff is not entitled to equitable relief when he has an adequate remedy at law and no ground for such relief is disclosed by the proofs. (Citing authorities.)" *Michigan Bean Co.* v. *Burrell Engineering & Construction Co.* (1943), 306 Mich 420, 424.

This Court is not passing upon the merits of plaintiff's claim and only holds that he was improperly denied a trial by jury, which he had demanded.

Judgment of the trial court is hereby set aside without prejudice to the rights of either party, and this cause is remanded to the trial court for proceedings consistent with this opinion. Costs to plaintiff.

FITZGERALD, P. J., and J. H. GILLIS, J., concurred.