KAHOUN v METROPOLITAN LIFE INSURANCE CO

INSURANCE—DEFENSES—FRAUD IN PROCUREMENT—RIGHT TO JURY
TRIAL—LEGAL CLAIM.

> Plaintiff's legal claim for reimbursement of certain medical
> expenses supposedly covered by an insurance policy issued
> by defendant and defendant's counterclaim, treated as an
> affirmative defense, alleging the equitable claim of fraud
> because plaintiff had falsely answered certain questions in
> his application for insurance should both be tried to a jury,
> because in the absence of special circumstances, fraud in
> the procurement of insurance is provable as a defense in an
> action at law upon the policy, the resort to equity being
> unnecessary to render that defense available (FR Civ P, 38;
> GCR 1963, 508).

Appeal from Houghton, Stephen D. Condon, J. Submitted Division 3 November 4, 1971, at Detroit. (Docket No. 9484.)  Decided January 17, 1972.

Complaint by George S. Kahoun against Metropolitan Life Insurance Company for reimbursement of medical expenditures.  Judgment for defendant. Plaintiff appealed.  Reversed and remanded.  Alva Kahoun, administratrix of the estate of George S. Kahoun, deceased, was substituted as plaintiff. Counterclaim by defendant alleging fraud.  Defend-

REFERENCE FOR POINTS IN HEADNOTE

43 Am Jur 2d, Insurance §§ 710, 1805.

ant's motion to separate the legal and equitable issues and for a nonjury trial on the counterclaim granted. Plaintiff appeals by leave granted from the trial court's order for a separate nonjury trial on defendant's counterclaim. Reversed and remanded.

*Wisti & Jaaskelainen,* for plaintiff.

*Messner, LaBine & Vairo,* for defendant.

Before: V. J. Brennan, P. J., and J. H. Gillis and O'Hara,* JJ.

V. J. Brennan, P. J. The facts of this case are detailed in an earlier decision of this Court, *Kahoun v Metropolitan Life Insurance Co,* 12 Mich App 441 (1968), and may be briefly summarized as follows: Plaintiff's decedent originally sued defendant for reimbursement if certain medical expenses supposedly covered by an insurance policy issued by defendant. The latter denied liability and raised the affirmative defenses of fraud and misrepresentation, alleging that plaintiff had falsely answered certain questions in his application for insurance.

Although plaintiff had timely demanded a jury trial, the cause was tried by the court, with judgment for defendant. Plaintiff appealed his denial of a jury trial, and this Court reversed and remanded, holding that the issue of fraud could be adequately adjudicated as an affirmative defense to a law action tried by a jury, and that plaintiff had improperly been denied a jury trial. *Kahoun v Metropolitan Life Insurance Co, supra.*

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Upon remand, defendant, pursuant to a stipulation by the parties,[1] filed a counterclaim alleging fraud and phrased in terms practically identical with those of its former affirmative defense. Defendant asked for delivery and cancellation of the policy and prayed for "such other and further relief as is agreeable to equity and good conscience". Defendant then moved the trial court to separate the legal and equitable issues pursuant to GCR 1963, 207 and 505.2, and asked for a nonjury trial on the counterclaim.

The trial court ruled that plaintiff's complaint was based upon a legal claim involving legal issues, while defendant's counterclaim was based on an equitable claim with equitable issues. Accordingly, the court ordered the issues separated for trial "in the furtherance of convenience and to avoid prejudice", with the legal issue tried to a jury and the equitable issues later tried to the court.

The parties then stipulated to a judgment on the legal issues, and the jury then entered a directed special verdict for plaintiff. The jury found that plaintiff had been insured by defendant, that plaintiff had been hospitalized while the policy was in force, and that plaintiff sustained expenses of $1,367 which were not reimbursed by defendant.

Defendant's counterclaim was held over for later trial. Plaintiff's application for leave to appeal the trial court's order for a separate nonjury trial on defendant's counterclaim was granted by this Court on September 15, 1970.

The issue before the Court is whether defendant's counterclaim was properly severed and held over for trial by the court without a jury.

---

[1] The original plaintiff, George S. Kahoun, had died and his wife, as administratrix of his estate, was substituted as party plaintiff.

Since there are no Michigan cases directly on point, and since there is a great deal of similarity between GCR 1963, 508, and Rule 38 of the Federal Rules of Civil Procedure, we will look to Federal case law for assistance in resolving this question. It has long been the position of the Federal courts that "in the absence of special circumstances * * * 'fraud in the procurement of insurance is provable as a defense in an action at law upon the policy, the resort to equity being unnecessary to render that defense available'". *Ettelson* v *Metropolitan Life Insurance Co,* 137 F2d 62, 65 (CA 3, 1943). We agree with that rationale and hold that plaintiff's claim and defendant's counterclaim, treated as an affirmative defense, should both have been tried to a jury.

Remanded for proceedings consistent with this opinion.

All concurred.