CIAGLO v FANNING

Docket No. 45788. Submitted August 20, 1980, at Detroit.—Decided
     October 23, 1980. Leave to appeal applied for.

Katie Fanning, administratrix of the estate of Robert Slaughter,
     deceased, brought a wrongful death action in Wayne Circuit
     Court against Gregory Ciaglo and others in connection with the
     beating and subsequent death of Robert Slaughter. The com-
     plaint filed by Fanning included a demand for jury trial.
     Gregory Ciaglo and his wife, Susan, filed a counterclaim
     against the estate of Robert Slaughter seeking damages for the
     alleged shooting of Ciaglo by Slaughter prior to Slaughter's
     being apprehended and beaten. The administratrix then filed
     motions to dismiss the wrongful death action against Ciaglo
     and also to separate the Ciaglos' counterclaim from the wrong-
     ful death action against the others. These motions were
     granted, Victor J. Baum, J. The administratrix then requested
     a jury trial on the counterclaim. The request was denied by the
     trial court, which reasoned that the counterclaim had become a
     separate case requiring a separate jury demand and that, since
     neither party had filed a jury demand in the suit on the
     counterclaim, the right to a trial by jury had been waived. A
     bench trial ensued and the Ciaglos were awarded damages,
     Horace W. Gilmore, J. The administratrix appeals. *Held:*

     1. The original jury demand did entitle the estate to a jury
     trial on all counterclaims and neither severance of the counter-
     claim nor the dismissal of Ciaglo as a defendant in the original
     suit affected this right.

     2. Waiver by the estate of the right to a jury determination
     of how the funds from the settlement of the wrongful death
     action against the other original defendants should be dis-

REFERENCES FOR POINTS IN HEADNOTES
[1] 47 Am Jur 2d, Jury § 62.
[2] 47 Am Jur 2d, Jury § 57.
[3, 4, 7] 47 Am Jur 2d, Jury § 58.
[5] 47 Am Jur 2d, Jury §§ 35-37.
[6, 8] 47 Am Jur 2d, Jury § 59.

bursed did not constitute waiver of the right to a jury determination of the remaining issues.

Reversed.

1. CONSTITUTIONAL LAW — TRIAL — JURY TRIAL — CIVIL ACTIONS.

The Michigan Constitution provides that the right of trial by jury shall remain, but shall be waived in all civil cases unless demanded by one of the parties in the manner prescribed by the law (Const 1963, art 1, § 14).

2. TRIAL — JURY TRIAL — WRITTEN DEMAND — TIME LIMITATIONS — COURT RULES.

A jury trial must be demanded in writing after commencement of the action but not later than thirty days after the filing of an answer or a filed reply (GCR 1963, 508.2).

3. TRIAL — JURY TRIAL — SPECIFICATION OF ISSUES — COURT RULES. RULES.

A party shall be deemed to have demanded trial by jury for all issues so triable if he has not specified which issues he wishes to have tried by jury (GCR 1963, 508.3).

4. TRIAL — JURY TRIAL — SERVERANCE OF CLAIMS — PRESERVATION OF RIGHT TO JURY.

A general demand for a jury trial in the initial proceedings sufficiently entitles a party to a jury trial on all counterclaims; a severance of a claim does not affect the right to have all the issues tried by a jury.

5. TRIAL — JURY TRIAL — COUNTERCLAIMS — SERVERANCE OF COUNTERCLAIMS — EQUITABLE RELIEF.

Once a plaintiff has filed a timely demand for a jury trial, a defendant's counterclaim, even if it is severed from the original action, must be tried by a jury unless the counterclaim seeks equitable relief.

6. TRIAL — JURY TRIAL — WITHDRAWAL OF DEMAND — COURT RULES. COURT RULES.

A demand for trial by jury may not be withdrawn without the consent, expressed in writing or in court, of the parties or their attorneys (GCR 1963, 508.4).

7. TRIAL — JURY TRIAL — STIPULATION TO WAIVE JURY DETERMINATION.

Once a demand for a jury trial has been made, a stipulation to waive determination of one issue by the jury does not waive the right to a determination by the jury of any remaining issues.

8. TRIAL — JURY TRIAL — WAIVER.
   Once a demand for a jury trial has been filed, a waiver of the demand should not be lightly implied.

*James Leonard Elsman,* for plaintiffs.

*Charles H. Brown,* for defendant.

Before: J. H. GILLIS, P.J., and N. J. KAUFMAN and R. M. MAHER, JJ.

N. J. KAUFMAN, J. From a judgment in favor of the counterplaintiffs, Gregory Ciaglo and Susan Ciaglo, Katie Fanning, administratrix of the estate of Robert Slaughter, deceased, appeals.

The facts which led to the instant case are as follows.

While on duty on February 9, 1973, Detroit police officer Gregory Ciaglo was shot in the face at close range. Shortly thereafter, Robert Slaughter, a suspect in the shooting, was beaten during his apprehension by other members of the Detroit police force. On February 14, 1973, Slaughter died as a result of injuries received in the beating.

On January 17, 1975, Robert Slaughter's estate (hereinafter referred to as defendant) brought a wrongful death action, MCL 600.2922; MSA 27A.2922, against the City of Detroit, Gregory Ciaglo and other police officers. The complaint included a demand for a jury trial. On April 18, 1975, Gregory Ciaglo (hereinafter referred to as plaintiff), filed a counterclaim seeking damages for the shooting. Susan Ciaglo, his wife, joined in the counterclaim.

On November 30, 1978, the estate's motion to dismiss its suit as to officer Ciaglo was granted by the trial court. The trial court also granted the estate's motion to separate Ciaglo's counterclaim from the original action. Slaughter's estate and

the remaining defendants entered into a settlement agreement and a judgment for $500,000 was entered in favor of the estate.

Prior to the trial on the counterclaim, the court denied defendant's request for a jury trial, reasoning that since Ciaglo had been dismissed from the initial suit, the counterclaim had become a separate case requiring a separate jury demand. Because neither party had fulfilled this requirement, the right to trial by jury had been waived. A bench trial ensued, at which Ciaglo was awarded $65,000, plus interest and costs, and his former wife received $4,000, plus interest and costs. Defendant, the estate of the deceased, Robert Slaughter, appeals as of right pursuant to GCR 1963, 806.1.

Of the grounds upon which defendant bases its appeal, we find only one to be meritorious. Defendant claims that when, as a plaintiff, suit was brought against multiple defendants and a jury trial was demanded, such demand applies as well to the trial of a counterclaim by a defendant who has been dismissed from the original suit and whose counterclaim has been severed therefrom. Defendant therefore argues that the jury trial request filed in the original suit preserves the right to jury trial on all issues.

Plaintiff contends that once defendant dismissed its claim against plaintiff Ciaglo in the original suit, the severed counterclaim became a separate suit requiring a new jury demand.

On May 16, 1974, trial was begun on the counterclaim. Defendant, relying on its original demand, asked for a trial by jury. The plaintiffs opposed this request. The trial judge ruled:

"THE COURT: Gentlemen, the issue is whether there

should be a jury trial on this matter or not. I have again tried to do some research and I have been unable to find a case that covers this matter completely.

"Now the facts are that the jury demand was properly made at the beginning of the case by Mr. Brown in the case of Fanning against Detroit, Ciaglo and others. Subsequent to that, the case against Mr. Ciaglo was dismissed by consent on December 8th by Judge Baum and the counter-claim was severed to be tried separately. Procedurally I think at that point we were in a position where Ciaglo was no longer a party in any way in the Fanning case. We have a totally separate case in Ciaglo's, and the procedural posture of the Ciaglo case at that time was that this was a separate lawsuit in which no demand for a jury had been made. The request to separate was made by Mr. Brown, granted by Judge Victor Baum.

"I think, in considering all of these facts as we have it now, that the Estate of Slaughter at that point did not rely upon its original demand for a jury. There is no demand for a jury made by Ciaglo nor was there any demand made in the Ciaglo against Slaughter case by Mr. Brown."

In fact, there does not seem to be a case directly on point. However, a reading of related Michigan and Federal decisions leads this Court to believe that the original jury demand did entitle defendant to a jury trial on all counterclaims. We further believe that severance of a counterclaim or dismissal of the plaintiff as a defendant in the original suit did not affect this right.

Michigan's Constitution provides:

"The right of trial by jury shall remain, but shall be waived in all civil cases unless demanded by one of the parties in the manner prescribed by law." 1963 Const, art 1, § 14.

The manner prescribed by law is GCR 1963,

508.2, which sets forth both the prerequisites for obtaining a jury and the method by which one is waived. A jury trial must be demanded in writing, after commencement of the action, not later than 30 days after the filing of the answer or a filed reply. If a party has not specified the issues he wishes tried by jury, he shall be deemed to have demanded trial by jury for all issues so triable. GCR 1963, 508.3. Hence, a general demand for a jury trial in the initial proceedings sufficiently entitles a party to a jury trial on all counterclaims. *American Standard, Inc v Crane Co,* 60 FRD 35, 42 (SD NY, 1973), interpreting FR Civ P 38 (source of GCR 1963, 508), *Wolfenden v Burke,* 69 Mich App 394; 245 NW2d 61 (1976).

Nor should severance of claims affect the right to have all issues tried by the jury. *Kahoun v Metropolitan Life Ins Co,* 37 Mich App 511; 195 NW2d 1 (1972). In *Kahoun,* plaintiff, having filed a timely demand for a jury trial, sued defendant for reimbursement of certain medical expenses allegedly covered by an insurance policy issued by defendant. Defendant filed a counterclaim, alleging fraud in the procurement of the policy. The trial court ruled that plaintiff's complaint involved legal issues while defendant's counterclaim was an equitable claim. Accordingly, the trial court ordered the issues separated for trial, with only the legal issue to be tried by the jury. On appeal, plaintiff contended that it was error for the trial court to deny a jury trial as to the counterclaim. This Court held that because fraudulent procurement of insurance is provable as a defense in an action at law upon the policy, defendant's claim should have been tried by the jury. 37 Mich App 511, 514. Though the narrow issue facing the Court in *Kahoun* was whether the counterclaim

sought equitable rather than legal relief, underlying this Court's decision was the premise that once a plaintiff has filed a timely demand for a jury trial, a defendant's counterclaim, even though severed, must be tried by a jury unless the counterclaim seeks equitable relief.

Similarly, in the case at bar, we believe that once Slaughter's estate filed a timely demand for a jury trial of all issues, it preserved the right to a jury trial of all counterclaims, whether they were consolidated or tried separately.

Plaintiffs contend that when the estate "dropped" its action against Ciaglo, the severed counterclaim became a new suit and a new jury demand complying with the requirements of GCR 1963, 508 was required. Plaintiff provides no authority supporting this "new case" approach, nor has this Court found any.

We observe that GCR 1963, 508.4 provides in part:

"A demand for trial by jury as herein provided may not be withdrawn without the consent, expressed in writing or in court, of the parties or their attorneys."

The waiver provision in the Michigan rule is taken almost verbatim from FR Civ P 38. See Committee Notes to GCR 1963, 508.

In *Collins v Government of Virgin Islands,* 366 F2d 279 (CA 3, 1966), the Court faced a somewhat similar fact situation. Therein, plaintiff dismissed his action against a defendant who had demanded a jury trial pursuant to FR Civ P 38. The Court held that such dismissal had no effect on a co-defendant's, or any other party's, right to a jury trial. Once a jury trial had been demanded, trial by jury was required unless there was written

stipulation made in open court consenting to a bench trial. *Collins, supra,* 286. That case holds that, absent waiver under the court rule, once a general demand for a jury trial on all legal issues is made, the right to a jury trial remains for all parties regardless of any change in their status. Obviously, *Collins, supra,* is not controlling authority for this Court. However, the reasoning expressed therein does make sense. To hold otherwise might make a party's right to a jury trial depend on when he dismisses a claim. Under Ciaglo's approach, if the trial on the counterclaim occurred before the dismissal in the original action, the estate's right to a jury trial would have remained. To have the right to a jury trial depend on when the dismissal of a claim occurs denigrates the importance of trial by jury.

Foreseeing the possibility of this Court's resolution of the jury demand question against him, plaintiff next argues that even if defendant was entitled to a jury trial on the counterclaim, this right was waived by defendant, decedent's estate. In support of this contention, plaintiff maintains that by allowing the trial court to make the disbursement of proceeds under the wrongful death claim, defendant waived the right to a jury consideration of the remaining issues.

Although there is no Michigan case on point, Federal decisions have held that once a demand for a jury trial is made, stipulation to waive determination by jury as to one issue does not waive the right to a jury trial on others. See *Rodenbur v Kaufmann,* 115 US App DC 360; 320 F2d 679 (1963), *Town of Clarksville, Va v United States,* 198 F2d 238 (CA 4, 1952). Similarly, waiver of the right to a jury determination of how the funds should be disbursed did not constitute waiver of

the right to a jury determination of the remaining issues.

Without offering any facts in support of his contention, plaintiff argues that defendant, by its pretrial conduct, waived the right to a jury trial. Once a demand for a jury trial is filed, a waiver should not be lightly implied. See *Boatz v Berg,* 51 Mich 8; 16 NW 184 (1883).

We therefore hold that the trial court committed reversible error by refusing to grant defendant's request for a jury trial. Reversed. Costs to appellant.